No. 13,760.

STATE EX REL. WILLIAM GARIG ET AL. VS. FRED. D. KING, JUDGE DIVISION "B", CIVIL DISTRICT COURT.

SYLLABUS.

In computing the ten days within which an appeal has to be perfected from an order of the District Court, appointing a receiver under Act No. 159 of 1898, Sundays are to be included.

A PPLICATION for a Writ of Prohibition.

*John T. Whitaker* for Relators.

Respondent Judge *pro se.*

## STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The application in this case for a prohibition is based upon allegations that on the 27th of November, 1900, relators presented for filing and granting to the Honorable Fred. D. King, Judge of Division "B" of the Civil District Court for the Parish of Orleans, in suit entitled Mrs. Harriet Shwartz vs. Rosetta Gravel Paving & Improvement Company, No. 63,385 of the docket of the Civil District Court, a petition for a suspensive appeal from a judgment rendered appointing a receiver to said company in said case, said judgment being rendered and signed by said judge on November 22nd, 1900.

That said judge granted said suspensive appeal returnable to the Supreme Court of Louisiana on the third Monday in December, 1900.

That before the ten days had elapsed from the rendering of the judgment appealed from, to-wit: on the 4th day of December, 1900, petitioner's gave a good and solvent bond in the full sum of two thousand dollars ($2000), the amount fixed by the court.

That in spite of said bond being given by relators, and in disregard of the delay accorded by law to petitioners to appeal, said judge made executory the judgment rendered by him on the 22nd day of November, 1900, suspensively appealed from.

That under the law said judge had no legal right to take the action he did in this matter, until the time allowed by law for taking a suspensive appeal had expired.

That the acts of said judge cause them an irreparable injury and damage. That in refusing to wait until the delay for taking this suspensive appeal should have expired, and issuing orders in conflict with relators' legal rights, said judge exceeded the bounds of his jurisdiction, and caused relators an irreparable injury and damage.

That said judge had no right to act in the matter, pending the delay for a suspensive appeal, and the same was out of his jurisdiction, and any and all judgments or orders made by him during said period in conflict with relators' suspensive appeal were illegal, null and void.

That they desire to perfect their appeal, but the action taken by respondent judge herein will deprive them (unless a writ of prohibition is granted), of any benefit they could get from same.

That they are compelled to apply to this court for the protection of their legal rights.

The prayer of the petition was that a writ of prohibition issue directed to the defendant judge prohibiting him from taking cognizance of the case referred to and to abstain from exercising any jurisdiction over the matters pertaining to the said case, until relators' suspensive appeal has been legally disposed of.

Annexed to this petition was the following order of the District Court:

"On motion of Lazarus & Luce, of counsel for Peter Stifft, receiver herein, duly qualified under the decretal order rendered herein on Nov. 22nd, and which order appointing your mover as receiver was signed on the date of its entry; and on suggesting to the court that intervening petitioners moved this court on 27th day of November for a suspensive appeal to the Supreme Court of this State, and that more than ten days have elapsed since the decretal order of appointment was rendered and signed, and that the said intervening parties appealing have not furnished a bond as directed by the order granting said appeal within the time limited by the statute in such cases made and provided as per certificates of clerk of court, attached hereto, that the effect of their neglect to perfect their appeal has been, under the law, to abandon the same, and in consequence thereof, your mover is entitled to immediate possession of the assets and effects of said Rosetta Gravel Paving & Improvement Co., of which he has been duly appointed as receiver.

"It is ordered, that Peter Stifft, receiver of the Rosetta Gravel Paving & Improvement Company, be and is hereby directed to demand of Charles Mendelson, manager and acting president of the Rosetta Gravel Paving & Improvement Company, possession of all its property and its effects and to hold the same until the further orders of this court, as receiver, for due and proper administration, and until the further orders of this court; and that he immediately proceed and take an inventory of the property delivered into his possession, and to return the same into this court with all reasonable dispatch; that he, the said receiver, hold himself at all times, and the property under his possession. as receiver, subject to the further orders of this court. (Signed) Fred D. King, Judge. New Orleans, Dec. 4th, 1900."

The district judge having been ordered to show cause why the writ should not issue as prayed for, answered that in the cause entitled Harriet Shwartz vs. Rosetta Gravel Paving & Improvement Company, "allotted to the division of the Civil District Court over which respondent presides, after due hearing and for cause sufficient, in respondent's

opinion, to justify judicial action, he did, on Nov. 22nd, 1900, by formal decretal order, appoint Peter Stifft as receiver of said Rosetta Gravel Paving & Improvement Company, and as appears by the record, said Peter Stifft furnished the bond directed under said decretal order, and qualified in accordance therewith.

That on the 27th of November, 1900, Wm. Garig and others, averring themselves to be creditors and stockholders of said Rosetta Gravel Company, presented their motion for an appeal from the order entered in said cause appointing a receiver; that the amount of the appeal bond was fixed at $2000, and the moving parties made said appeal returnable to the Supreme Court on the third Monday in December, 1900, and that no appeal was either asked or taken by the Rosetta Gravel Paving & Improvement Company, the defendant in said cause.

That, while under Sec. 4 of the statute No. 159 of 1898, immediately upon the decretal order being entered, the receiver appointed is entitled to take possession with his functions suspended in the event of an appeal, except for conservatory purposes, respondent, at the request of counsel for said defendant corporation, and being advised that an appeal had been taken, suspended the receiver's possession, until an opportunity was afforded the appealing intervenors to perfect their said appeal; that under, and by virtue of the 4th section of the Act above referred to, an appeal from a decretal order appointing a receiver must be taken and perfected within ten days from the entry of said decretal order; that said appeal, as appears by the record and the clerk's certificate attached and made part hereof, was not perfected within the time limited by the statute—that is to say, within the ten days from the entry of the decretal order appointing the receiver, the bond only having been filed on Dec. 4th, at 2:45 p. m., after the order hereinafter referred to, had, upon motion of the complaining parties, been entered with directions to said defendant corporation to surrender possession of its property, rights, credits, and assets, to the receiver appointed in the cause, and that respondent, as appears by said order directing the receiver to take possession, as aforesaid, acted upon the statements contained in said motion, and which are true in point of fact, as disclosed by the record and docket entries of the court in said cause.

That the failure upon the part of the intervening appellants to furnish the bond within the time prescribed by law, was an abandonment of their appeal, and justified the action taken by respondent in said cause—and this, independent of the right which respondent had, im-

mediately upon the appointment of the receiver, to send him into possession of the company's property and assets, as aforesaid:

That, under Sec. 4 of the Statute of 1898, hereinabove referred to, the appeal in the cause should have been lodged within ten days from the granting thereof; that the return day for said appeal, erroneously fixed as the third Monday in December, was attributable to the appellants, and did not comply with the statute with reference to the return day of appeals from decretal orders appointing receivers; and that the time fixed by the statute for the appeal and its perfection, as well as its return, are running days. See State ex rel. Pharmaceutical Association vs. Secretary of State, 52 Ann. 942; Schenck vs. Schenck, *Ib.* 2104.

That the motion for an appeal is further defective, in this that it is not accompanied by the requisite affidavit provided for in Section 4 of said statute, the parties appealing being intervenors in said cause.

That the application herein for writs of prohibition against respondent, is not in itself sufficient to invoke this court's jurisdiction, inasmuch as the affidavit for said relief should have been made by the parties in interest, and not by their attorney-at-law, there being no declaration upon the part of said affiant that the principals invoking the jurisdiction of this court are absent from the parish or State.

In consideration of the premises and the recital of facts hereinabove made, respondent, attaching hereto the record in the cause, for the inspection and consideration of this court, prays that the application for writs of prohibition directed against respondent, in the cause above-entitled and numbered, be denied at relators' costs; and that respondent be discharged and relieved from the operation of said writ herein applied for.

### OPINION.

In relators' brief accompanying their application they state that "the sole question involved in this matter, is whether Sunday should or should not be included in the ten days allowed for taking a suspensive appeal. It will be seen that two Sundays intervened between the 22nd day of November, 1900, and the 4th day of December, 1900, and excluding Sundays the 4th day of December was the tenth day within which an appeal could be taken." They argue that as, under Articles 575 and 624 of the Code of Practice, Sundays are excluded from the number of days within which a suspensive appeal can generally be taken, the same rule applies to appeals taken under Act No. 159 of 1898.

The Act referred to is entitled "an Act to authorize and regulate the practice of appointing receivers of corporations, under Articles 109 and 133 of the Constitution. The first section of the Act provided for the appointment by the District Court of the State, under different states or conditions of facts stated, of receivers to take charge of the property and business of corporations. The second, points out on what application, and at whose instance the appointment is to be made. It directs that the court should cause a copy of the petition presented together with an order, requiring it to show cause on a day fixed (not less than ten days from the date of such order unless circumstances shown require in the judgment of the court, a shorter delay), to be served on the corporation, and such application should be heard and determined by the court in a summary manner in term time or vacation, and without the intervention of a jury.

The 4th section authorizes any person or persons who by affidavit appear to be interested, on giving bond in a sum to be fixed by the court, to appeal, on the face of the record from any order appointing or refusing to appoint a receiver, granting or refusing an injunction (as provided for in the third section), and declares that such appeal when perfected shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property; provided that such appeal be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver or granting or refusing to grant an injunction. That such appeal should be returnable in ten days from the date of such order and should be tried by preference in the appellate court.

The General Assembly in the act in question was dealing with a particular subject and it evidently intended to regulate and cover the whole practice concerning that particular matter. The terms of the Act show that it was deemed important to have the issues which might be raised under it speedily determined, for they were to be disposed of in the first instance summarily, and this either in term time or in vacation.

Article 318 of the Code of Practice under the heading "Of Appearance and Answer of the Defendant", is as follows:

"In the delay for answering, Sunday is included like other days, but in all cases where delay is given either to do something or to answer, neither the day of serving the notice nor that on which the act is to be done or the answer filed, are included.

"The exceptions to this rule are specially provided by law."

Sunday, not having been specially excluded from the ten days during which the right to appeal was granted by Act No. 159 of 1898, we are of the opinion that it must be included in counting those days. (See State *ex rel.* Pharmaceutical Association vs. Secretary of State, 52 Ann. 942.)

For the reasons assigned, it is ordered and decreed that the temporary restraining order hereinbefore issued be and the same is hereby set aside, and that the relators' application for a prohibition be and the same is hereby refused.