(37 South. 10.)

No. 14,631.

ORLEANS & J. RY. CO., Limited, v. INTERNATIONAL CONST. CO. et al.

.(March 2, 1903.)

APPEAL—TIME OF TAKING—SURETY—RELEASE.

1. Delay for appeal dates from signature, not from rendition of judgment.

2. The appellant is not responsible for an error in the return day, though his counsel wrote the order; especially where the prayer was that the appeal be made returnable according to law.

·On the Merits.

3. The surety is released by any change in the principal contract without his consent; also by failure to give him notice of the commencement of work, when such notice is stipulated to be given. '

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by the Orleans & Jefferson Railway Company, Limited, against the International Construction Company and others. From the judgment, plaintiff appeals. Modified.

Carroll & Carroll, for appellant. Rouse & Grant, for appellee National Surety Co. George W. Flynn, for appellees Costello and Burke.

On Motion to Dismiss.

PROVOSTY, J. The appeal is moved to be dismissed on two grounds: First, that it was taken too late, one year having expired after the rendition of the judgment; second, that the return day was fixed for too early a day, sufficient time not being allowed to cite the appellee.

The appeal was taken more than a year after the rendition of the judgment, but less than a year after its signature; the question is therefore whether the delay for appeal runs from the rendition or from the signature of 'judgment. The Code says from rendition, (article 593), and appellee argues that, the language of the Code being unambiguous, it must control. There is great force in the contention; but, on the other hand, by a jurisprudence founded on the articles of the Code, and now too firmly settled to be shaken, a judgment is not appealable until signed (State v. Bouchon, 20 La. Ann. 394; Thiele v. Crutcher, 20 La. Ann. 500; Trost v. Knox, 21 La. Ann. 261; Frantz v. Waggaman, 28 La. Ann. 26; Tietgans v. Succession of Kamper, 23 La. Ann. 219; State ex rel. v. Wharton, 25 La. Ann. 7; Succession of Millaudon, 23 La. Ann. 400; Nicholls v. Maddox, 52 La. Ann. 496, 26 South. 994), and it is not possible to hold that the legal delay for doing a thing begins to run before there is an

opportunity to do the thing. This first ground must therefore be overruled.

The appeal was taken by petition, and the prayer was that it be made returnable according to law. The fixing of the return day at too early a date was therefore wholly the act of the judge. It follows that this second ground for dismissal is not well taken, since by express statute, Act No. 45, p. 101, Extra Sess. 1870, § 11, an appeal cannot be dismissed for any error or irregularity in the return day, or in the citation, unless the defect is imputable to the fault of the appellant.

But it is said that the fault rests upon the appellant, because its counsel wrote out the order, and the judge did no more than append his signature to it. The order was not the less the act of the judge because counsel wrote it out. A judgment is not the less the act of the court because counsel have written it out. So entirely and exclusively the act of the judge has this court held the order of appeal to be, that it has absolved the appellant from responsibility, even in a case where the erroneous return day was adopted from the prayer of the petition. Pearce v. State, 49 La. Ann. 643, 21 South. 737. It is not necessary to go that far in the present case in order to hold the second ground not to be well taken.

The motion to dismiss is overruled.

## On the Merits.

### (June 20, 1904.)

This is a suit against the International Construction Company, an ordinary partnership, and E. M. Costello and M. D. Burke, alleged to be members thereof, in damages for the default of said company in its contract to build a railroad for plaintiff; also against the National Surety Company, security on the bond of the construction company, for the faithful performance of the work.

Costello and Burke deny that they were partners in the construction company, or that they are in any way liable for its debts. And the lower court so found. But since then this court has held differently (see case of Cameron v. Railroad Co., 108 La. 83, 107, 32 South. 208), and that question need not now be gone into. In fact, in this court, these parties have not made an appearance, doubtless not deeming it worth while. There can be no doubt of their joint liability for the amount claimed—$36,500—with legal interest from the date of this judgment, nor of that of the partnership for the like amount.

Plaintiff cannot have judgment against Lawrence individually, as he was not cited.

The defense of the surety company is that it has been released from liability by reason of a change in the contract without its consent, and also by reason of the failure of the plaintiff to give notice of the commencement of work, as expressly stipulated in the suretyship bond.

On the latter point the bond provided that the surety company should be immediately notified by the railway company of the commencement of work under the contract, and that this notice should be given by registered letter. The notice was not given, except by the mailing of a letter without registration, and the testimony is that the letter was not received.

The judge a quo held, correctly we think, that the surety company was entitled to a strict compliance with this requirement of notice, and was released by plaintiff's noncompliance therewith.

Also, on the other defense, the case is with the surety company.

The financial ability of the contractors to carry out the contract was a most important point. In fact, the collapse of the enterprise was due to lack of funds on their part, more than to lack of good will. Now, the contract contained a stipulation to the effect that certain bonds were to be deposited with a trust

company to be disposed of for the raising of money, and, without the consent of the surety company, this arrangement was afterwards changed to another scheme, under one of the stipulations of which a part of the bonds originally agreed to be delivered to the trust company was to be withheld. It may well be that the latter scheme was a better one for the procuring of funds (though, as a matter of fact, it proved unsuccessful); nevertheless it was a change in the contract. It was to that extent an abandonment of the contract upon which the surety company stood security, and the substitution of a new contract. Among other effects that it had, it deprived the surety company to that extent of the benefit of that stipulation of the bond by which, in case of a breach of the contract, the surety company was to be subrogated to all the rights of the contractor under the original contract.

There was also an important change in the contract with reference to the work.

It is common learning that the contract cannot be changed without the consent of the surety. Miller v. Stewart, 9 Wheat. 680, 6 L. Ed. 189; Magee v. Manhattan Life Ins. Co., 92 U. S. 93, 23 L. Ed. 699; Prairie State Bank v. U. S., 164 U. S. 227, 237, 17 Sup. Ct. 142, 41 L. Ed. 412; Reese v. U. S., 9 Wall. 13, 19 L. Ed. 541; U. S. v. Freel (C. C.) 92 Fed. 299, 306; Id., 99 Fed. 237, 39 C. C. A. 491.

In McGuire v. Woolridge, 6 Rob. 50, this court said:

"It is a well-settled rule that the surety has the right to stand upon the very terms of his contract, even if he should be benefited by the change, and the creditor has no right to make such change."

To the same effect, see Insurance Co. v. Randall, 42 La. Ann. 260–265, 7 South. 679.

The contention of plaintiff that because one of the numerous provisos of the suretyship contract contains a penalty clause, and the others do not, therefore the other provisos do not amount to conditions, is utterly unten-

able, and cannot be considered for a moment. The language of the contract is that, "this bond is subject to the following provisions," and the provisos, seven in number, follow. All of them, as a matter of course, are conditions. Otherwise, what would be their function in the contract?

The judgment appealed from is affirmed in so far is it dismisses the suit of plaintiff as against the National Surety Company, with costs. In other respect it is set aside; and it is now ordered, adjudged, and decreed that the plaintiff have judgment against the International Construction Company for the sum of $36,500, with legal interest from this date, and against E. M. Costello and M. D. Burke, jointly, for the same debt and sum; costs in both courts to be paid by the International Construction Company and by E. M. Costello and M. D. Burke.

On Application for Rehearing.

(June 30, 1904.)

PER CURIAM. The damages for which judgment is allowed in this case being on a contract, and being, moreover, liquidated, interest should have been allowed from judicial demand.

It seems, also, that the New Orleans & Pontchartrain Railway Company has been subrogated to the rights of the plaintiff.

In these respects the decree heretofore handed down must be amended. This, however, can be done without the granting of a rehearing.

It is therefore ordered, adjudged, and decreed that the decree of this court herein be amended so as to read as follows:

The judgment appealed from is affirmed in so far as it dismisses the suit of plaintiff as against the National Surety Company, with costs. In other respects it is set aside; and

It is now ordered, adjudged, and decreed that the New Orleans & Pontchartrain Railway Company, assignee and transferee of

the Orleans & Jefferson Railway Company, Limited, original plaintiff, have judgment against the International Construction Company for the sum of $36,500, with legal interest from October 12, 1900, and against E. M. Costello and M. D. Burke, jointly, for the same debt and sum; costs in both courts to be paid by the International Construction Company and by E. M. Costello and M. D. Burke.