On Motion to Dismiss.
NICHOLLS, J.
Defendant and appellee moves to dismiss this appeal on the ground that plaintiffs and appellants have not complied with the conditions prescribed by section 4 of Act No. 159, p. 314, of 1898, in that they have not perfected the appeal within 10 days from the entry of the order refusing to appoint a receiver; nor have they filed an appeal bond with good and sufficient security with the qualifications required by law, within 10 days from the time of the judgment refusing to appoint a receiver in this case, if the court finds that this ease is governed by article 575 of the Code of Practice, and not by section 4 of Act No. 159, p. 314, of 1898.
The judgment refusing to appoint a receiver was rendered September 30, 1907, and was signed on the 4th of October, 1907. On the 14th'Of October, 1907, the plaintiffs applied for a suspensive appeal, and obtained an order for a suspensive appeal conditioned on the plaintiffs giving bond in the sum of $1,200.
On the 17th of October, 1907, defendant filed a rule to dismiss the appeal because Louis Bagneris was not good and solvent and did not reside in the parish of Orleans.
On that afternoon, the 17th of October, 1907, the plaintiffs filed another appeal bond with Dominick Darmes as surety, and then defendant filed another rule to dismiss the appeal and declare the judgment executory, because the plaintiffs had not perfected their appeal within 10 days from the day the judgment was rendered, and because the surety on another bond was not good and solvent and possessed the other qualifications required by law. On the trial of the rule for the 25th of October, no attempt was made to prove that Louis Bagneris was solvent and resided in the parish of Orleans, and Dominick Darmes, who signed the bond filed the 17th of October, was the only witness called to prove that he was good and solvent and resided in New Orleans, and the only bond relied upon by the plaintiffs to sustain their appeal was that filed on October 17. 1997.
Further moves to dismiss the appeal because the appellants have not filed a complete transcript of all the proceedings had, testimony and evidence adduced, and all the documents filed in evidence in the cause, and the certificate of the clerk does not show that the transcript filed does contain a com- *271 píete copy of all the proceedings had and documents filed in evidence and evidence produced. A number of documents are stuck in the transcript in various places without being copied, and contrary, to law, and there is nothing to identify the bundle or books of typewritten notes of evidence which' are not certified to by the clerk.
The certificate of the clerk is to the following effect:
“I, William B. Murphy, deputy clerk of the civil district court for the parish of Orleans, do hereby certify that the foregoing eighty-nine pages and the two volumes of testimony, respectively forwarded herewith, do contain a true, correct, and complete transcript of all the proceedings had, documents filed and evidence adduced upon the trial of the cause entitled In re Receivership of Louisiana Driving & Racing Olub, instituted in this court, and now in the records thereof under the No. 83,427, of the docket thereof, division D, the Honorable John St. Paul, judge of division C, sitting for the Honorable W. B. Sommerville, judge of division D, absent on leave. Document marked O. I. Document P-BI Document OXI; envelope offered in evidence by counsel for plaintiff filed September 17, 1907, are forwarded as filed. One (1) book offered in evidence by plaintiff filed September 17, 1907, is forwarded in original twelve (12) of the thirteen newspapers filed February 26, 1906, in No. 78,621, William Rabb v. Francis Trevelyan, are forwarded as filed — one of said newspapers cannot be found.
“In testimony whereof, I have hereunto set my hand and affixed the impress of the seal of said court, at the city of New Orleans, on this eighth day of November, in the year of our Lord, one thousand nine hundred and seven and in the one hundred and thirty-second year of the independence of the United States of America.
“[Signed] W. B. Murphy, [Seal.]
Deputy Olerk.”
In State ex rel. Garig v. King, Judge, 104 La. 472, 29 South. 18, this court declared that the General Assembly, in enacting Act No. 159, p. 312, of 1898, authorizing and regulating the practice of appointing receivers, was dealing with a particular subject, and evidently intended to regulate and cover the whole practice concerning that particular matter. That statement has never been withdrawn or modified. Appellants urge that the rule in the statute governing appeals does not refer to appeals taken by the party to the litigation, hut to appeals of third parties. It would he strange if a' statute intended to covet the whole practice on a particular matter should or could be construed so as not to apply to the parties involved in the litigation. We held, in that case, that, in computing the 10 days within which an appeal has to he- perfected, Sundays are not to be included. Applying that rule to the present case, the appeal taken by appellants was not perfected in time, and the motion to dismiss should prevail, and the appeal be dismissed. Appellants claim that interposed between defendant’s motion to dismiss and any action to be taken on that issue by this court stands a judgment of the trial court on a rule determined contradictorily between the plaintiffs and the defendant, holding that the appeal had been well taken, and that, until the judgment should be reviewed by an appeal from it, this court must be controlled by it. That proposition is entirely untenable. That decree was taken for the purpose of determining the action which the district cdurt itself should take in respect to the matter on which it had rendered a judgment. That court having sustained the appeal, the case has come up to us with the right of this court to determine its own action in regard to the appeal untrammeled by what the district court may have said or done in the premises.
The view of matters which we have just expressed dispenses us from referring particularly to the clerk’s certificate and to the transcript. The certificate is full and complete. According to the certificate, the court has before it everything on which the district court acted in rendering its judgment. If there be anything in the transcript which should not have been included in it, appropriate proceedings should be taken to have the same expunged. Succession of Fortier, 51 La. Ann. 1563, 26 South. 554; Church v. Riedy, 104 La. 318-320, 29 South. 149.
The appeal herein taken is hereby dismissed.