(58 South. 688.)

No. 18,869.

ALLEN v. HENLEY.

(Feb. 26, 1912. On Rehearing, May 20, 1912.)

*(Syllabus by the Court.)*

1. APPEAL AND ERROR (§ 364*)—PROCEEDINGS
TO TRANSFER CAUSE—CITATION OF APPEAL—
EFFECT OF ERROR.

The appellant is not responsible for an error in the return day as fixed by order of court, though his counsel wrote the order, especially where the prayer was for an appeal returnable to the Supreme Court according to law. Orleans & J. Ry. Co. v. International Const. Co., 113 La. 409, 37 South. 10. Where, in such a case, the citation of appeal, as to the return day, conformed to the order granting the appeal, the error is not imputable to the appellant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1969–1976; Dec. Dig. § 364.*]

2. JUSTICES OF THE PEACE (§ 119*)—PLEADING TO SUSTAIN JUDGMENT—NECESSITY FOR JOINDER OF ISSUE.

Where the appellant in a justice's court opposed by injunction the sale of his property under execution, on the ground of exemption under article 244 of the Constitution of 1898, and the seizing creditor filed exceptions, which were overruled, and the justice proceeded at once to try and decide the case on the merits, *held*, that the proceedings and judgment were null, because there was no joinder of issue by answer or default.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 373–376; Dec. Dig. § 119.*]

On Rehearing.

3. APPEAL AND ERROR (§ 364*)—PROCEEDINGS FOR TRANSFER OF CAUSE—CITATION OF APPEAL.

Where the judge, in fixing the return for an appeal, commits an error, the error is imputable to the court, and the appeal will not be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1969–1976; Dec. Dig. § 364.*]

4. APPEARANCE (§ 24*) — GENERAL APPEARANCE—EFFECT.

Where one appears and pleads to a suit, the pleading has the effect of curing want of citation, or defective citation.

[Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 118–143; Dec. Dig. § 24.*]

Appeal from Justice Court, Ward 2, Webster Parish; A. G. McCann, Justice of the Peace.

Action by W. E. Allen against H. H. Henley. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Roberts & Roberts, for appellant. L. K. Watkins and Thos. W. Robertson, for appellee.

LAND, J. [1] Plaintiff caused to be seized, under execution against the defendant, two cows and calves, and the defendant enjoined the sale, on the ground that said property was exempt from seizure and sale under the Constitution and laws of this state. Plaintiff and the constable appeared solely for the purpose of filing certain exceptions, in which they claimed the right to seize and sell the animals, because the defendant was trying to dispose of his property. The exceptions were promptly overruled, and, after hearing the evidence and argument, the injunction was dismissed, with costs. The judgment was rendered and signed on May 10, 1910. On May 6, 1911, the defendant filed a petition for an appeal to the Supreme Court, and prayed that the return day be fixed by the court, as well as the amount of bond for a devolutive appeal. On the same day, the justice signed an order, granting an appeal as prayed for, "returnable to the Supreme Court of the state of Louisiana, on the 15th day of May, A. D. 1911, according to law," fixing the amount of bond, and directing service of citation of appeal upon the appellees, according to law. On the same day, the appeal bond was filed, and citation of appeal issued and service made on the appellees. The transcript was filed in the Supreme Court on May 11, 1911. On May 16, 1911, the appellees appeared and filed an exception to the legality of the citation of appeal, on the ground that it allowed only seven days' de-

lay for answering, and to the legality of the order of appeal in the matter of fixing the return day, and moved for the dismissal of the appeal, on the ground that these irregularities were imputable to the appellant, whose counsel prepared the papers in typewritten form, and sent them to the justice's court.

In Orleans & J. Ry. Co. v. International Const. Co., 113 La. 409, 37 South. 10, this court held that the appellant is not responsible for an error in the return day, though his counsel wrote the order, especially where the prayer was that the appeal be made returnable according to law. We said:

"The order was not less the act of the judge because counsel wrote it out."

The error in the return day the error in the citation.

The further objection that the transcript does not contain the evidence is repelled by the statement of facts found in the record.

The motion to dismiss is therefore overruled.

[2] As already stated, the defendants in injunction appeared solely for the purpose of filing exceptions, in which defendants in injunction denied that the seizure was illegal, and that defendants in injunction owed Henley anything (meaning, we presume, damages), and claimed that the seizure was lawful, as Henley was trying to dispose of his property. These exceptions were overruled by the court, no answer was filed by defendants in injunction, and the justice, after hearing the evidence and the argument, rendered judgment, dismissing the injunction.

According to the statement of facts, plaintiff in injunction testified that the cattle seized were the only cattle he had, and admitted that he had talked about selling or trading them. Two witnesses testified that plaintiff in injunction had offered to sell the cattle to him before the suit on the due-bill; but they could not agree on the price.

There was no joinder of issue on the mer its; and a cause cannot be tried without a contestatio litis. It does not appear that any evidence was offered on the trial of the exception. Article 1074 of the Code of Practice requires justices of the peace to preserve a record in which they shall state, among other proceedings, "the answer of the defendant, if he appears, and his nonappearance, if he makes default."

As the defendant was present, the justice, after overruling the exception, should have required him to answer the petition for injunction.

The justice certified that the transcript contains a full, true and correct copy of the proceedings had before him. Hence it cannot be assumed that there might have been an oral answer.

In his petition for injunction, the debtor claimed the constitutional exemption by proper allegations, and claimed damages for the wrongful seizure of his property. It is true that the petition was not sworn to; but the petitioner at the same time made affidavit before the justice that the property seized was exempt from execution. The claim of exemption appears to have been denied because the debtor had offered the property for sale.

It is therefore ordered that the judgment below be reversed; and it is now ordered that this cause be remanded for further proceedings according to law, and that the appellees pay costs of appeal.

### On Rehearing.

The defendant, whose property was seized, sued out an injunction to prevent its sale, on the ground that it was exempt from sale for debt under the homestead law.

### Motion to Dismiss the Appeal.

[3] Plaintiff moved to dismiss, because the judge a quo failed to allow sufficient delay

from the date of his order allowing the appeal to the date for filing the record in the appellate court.

This court has decided that such an error is imputable to the judge, and is not fatal to the appeal. It does not appear that the oversight was other than an oversight of the judge.

Part of the prayer of the petition is as follows:

"Prays for an order of devolutive appeal from said judgment, returnable to the Supreme Court of Louisiana; that the return day, therefore, be fixed by the court, as well as the amount of the bond"—which was done.

. There are several orders of appeal. In one of these orders, the word "6th," date of the order, is in the handwriting of the judge by whom the order was signed.

It is true, as said by the appellee, that the judge shall fix the return day in the order granting the appeal, which shall not be less than the time fixed in the statute, nor over the delay mentioned in the act, except by consent of parties.

But it is also true that the duty of fixing the return day rests with the judge a quo.

This court has decided again and again, as it is the court's order, as stated in the act quoted above, it is generally the court's error. State ex rel. District Attorney v. Sheriff and Tax Collector, 47 La. Ann. 278, 16 South. 666; State ex rel. Breazeale v. Sheriff, 45 La. Ann. 1231, 14 South. 130; State v. Cannon, 44 La. Ann. 734, 11 South. 86.

Not appellant's error, as it appears. Section 4 of Act 45 of 1870; Banking Co. v. Lumber Co., 47 La. Ann. 587, 17 South. 143; Pearce v. State, 49 La. Ann. 643, 21 South. 737.

The foregoing disposes of the motion to dismiss the appeal, which is therefore overruled.

[4] Next in order of irregular proceedings, conducted without counsel in the justice court, the appellees move and pray that the

130 La.—28

appeal be dismissed for the reason that plaintiff in injunction did not have process served on the defendants in injunction.

The defendants in injunction filed an appearance headed "Exception," but in the body it is alleged that it is a plea to the merits, and they deny indebtedness. None the less the pleader prays that this appearance be noted solely for the purpose of an exception.

First, according to defendants, it is an exception and afterward it is an answer; at another time, it is an answer and not an exception. Of this there is certainty—it was an appearance which cures all defects of citation or want of service, and it follows that this objection is overruled.

This brings us to the allegation of the petition and the want of evidence. The debtor, Henley, sets forth in his petition for an injunction, restraining his creditor, Allen, from seizing and selling his property, that he is the head of a family, and that his wife does not own $2,000 in her own right; that the property is exempt from seizure and sale under the homestead law; that he has been damaged, and other similar allegations.

This is the petition to which defendant filed an exception, or an answer, as before stated.

Proceedings before the justice of the peace are verbal, with the exception of certain notations, which should be made of them. Jurisdiction is not controlled entirely by the allegations, provided there is sufficient compliance with the requirement in proceedings before the officer to enable the one sued to make out his defense. Plaintiff committed errors, so did the defendant, and the judge a quo is not free from them; for he, on the merits, decided that the mere offer to sell property subject to homestead had the effect of divesting his debtor from his right to a homestead.

We see no reason why the case should not

again be heard in the lower court. For that reason, the judgment heretofore rendered is reinstated and made the judgment of this court. Having full authority in the premises under the statute, we have arrived at the conclusion to divide the costs of appeal between the appellant and the appellee in the proportion of one-half each.