On Motion to Dismiss.
OVERTON, J.
Plaintiff, Mrs. Hattie D. Beuhler, as natural tutrix of her minor children, instituted this suit for the purpose of placing, the Beuhler Realty Company, Incorporated, in which her wards own stock, in the hands of a receiver. The suit was instituted in forma pauperis. Defendant traversed, by rule, the order permitting plaintiff to sue in that form and manner. The rule was tried, and after it was heard, the court refused to vacate the order, permitting plaintiff to sue in that manner.
.After the trial of the rule, the case was tried on its merits, and the trial resulted in the rejection of plaintiff’s demand, and in condemning plaintiff to pay defendant $1,000 attorney’s fees.
The judgment on the merits was rendered orally, in open court, on April 20, 1923, and was signed, as appears from the judgment and the minutes of court, on May 7th of that year.
Immediately after the judgment was sign *322 ed, plaintiff moved for and obtained a suspensive and a devolutive appeal, returnable to this court. Tbe judge fixed tbe suspensive appeal bond at $1,200 and the bond for a devolutive appeal at $200. On the next day, plaintiff called the court’s attention to the fact that she had been permitted to she in forma pauperis, and therefore, under the law, was not required to furnish a devolutive •appeal bond, whereupon the court at once amended its order of the previous day, so as to permit plaintiff to appeal devolutively, without furnisiing bond; and plaintiff has thus appealed.
Immediately after the record was lodged in this court, defendant filed a motion to dismiss the appeal on two grounds, one of which is that the appeal was not taken within the time prescribed by law, and the other is that no appeal bond has been furnished.
The law, governing the appointment of receivers, and prescribing the procedure for such appointments, including the time within which such appeals may be taken, is to be found in Act No. 159 of 1898, and the amendments thereto. Section 4 of that act, in so far as it is necessary to quote it, reads as follows:
“Any person or persons who by affidavit appear to be interested, in giving.bond in a sum to be fixed by the court, may appeal in the face of the record from any order appointing, or refusing to appoint a receiver, granting, or refusing to grant an injunction as aforesaid; * * * provided that such appeal must be taken arid perfected within ten days from the entry of the ■ order' appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the appellate court. * * * ”
[1] The contention of defendant is that the 10 days, fixed by the foregoing section of the act, as the time within which.the appeal must be taken, if taken at all, begins to run from the entry of the order, appointing or refusing to appoint a receiver, although the entry should be only of the verbal announcement by the court of its judgment. We think that defendant is in error in so contending. The statute has reference to the order of the judge in its completed or finished state. The order appointing or refusing to appoint a receiver is a final order or judgment. As it is final, it should be ^signed, which obviously implies that it must be written. Code of Practice, art. 546. It is from the entry, in the minutes of court, of this written and signed order or judgment, that the 10 days’ delay, within which to appeal, jnust be computed. Until the order is signed, there is nothing from which to appeal. Orleans & J. Ry. Co. v. International Construction Co. et al., 118 La. 410, 37 South. 10; Le Blanc v. Lemaire, 52 La. Ann. 1635, 28 South. 105.
We find nothing in the foregoing view that is in conflict with the cases of State ex rel. Garig v. Judge, 104 La. 477, 29 South. 18, Crichton v. Webb Compress Co., Ltd., 107 La. 86, 31, South. 648, In re Louisiana Driving & Racing Club, 120 La. 268, 45 South. 127, and other cases cited by defendant, interpreting the statute, under consideration.
In the Garig Case, the question at issue was whether Sunday should be included in computing the delay for a suspensive appeal from an order appointing a receiver. The court held that it should be included. In that case no question arose as to whether the delay began to run from the entry of the verbal announcement of judgment by the court, nor was there room for such a question to arise. The judgment, in that case, was rendered, signed, and entered on the same day. Therefore, in computing the delay, it necessarily had to be reckoned from the entry of the written and signed judgment, since there was no entry of a mere verbal announcement of judgment., In the Crichton Case it is stated that a written opinion was read and filed in open court on December 4, 1901; that an order of appeal was granted plaintiffs on December 14, 1901; and that an appeal bond *324 was. filed on December 18, of that year. The question there submitted for decision was: Did plaintiffs-perfect the appeal by the timely filing of the bond? It was held that they had not. In that case, as in the Garig Case, nothing was said as to whether the delay should be computed from the entry of the written and signed judgment of the court, or from the entry of the verbal announcement of that judgment. While the opinion in the Crichton Case does not expressly state that the opinion and decree rendered by the lower court was signed at the tibie by the trial judge, yet the intention was to convey that impression. An examination of the record, in that case, shows that the written opinion rendered by the judge concluded with his decree, and was signed by him, and was entered in the minutes of court on the same day that the judge read the opinion in open court, announcing his judgment. Hence, as in the Garig Case, the computation of the delay for appealing and for filing the bond necessarily had to be made from the entry of the written and signed judgment of the court, for the manifest reason that there was no entry.of an oral announcement of judgment from which to count it. Hence this court did not say in that case whether the delay should be reckoned from the entry of the oral announcement of judgment, or from the entry of the written and signed judgment of the lower court. In the Louisiana Driving & Racing Club Case, the judgment, appointing a receiver, was rendered September 30, 1907, and was signed on October 4th following. On October. 14th an order was obtained, granting a suspensive' appeal from the judgment rendered and signed, and an appeal bond was filed. A contest arose in the lower court with respect to the validity and sufficiency of the appeal bond. On October 17th, the appellants filed another appeal bond, and relied only upon that bond to maintain their appeal. The appellees moved to dismiss the appeal for the reason that the appellants had not perfected their appeal within 10 days from the entry of the order refusing to appoint a receiver, and for the further rpason that they had not furnished an appeal bond with good and sufficient surety. It was manifest in that case that more than 10 days had intervened between the day the judgment was signed and entered and the day the only appeal bond, relied on by the appellants, was filed; and hence this court dismissed the appeal for the specific reason that it had not been perfected within the delay prescribed by the statute. In that case, as in the others, the court did not say whether the delay ran from the entry of the oral announcement of judgment or from the entry of the written and signed judgment of the court, nor was there any occasion to determine that question, for it made no difference in those cases from which date the delay ran.
In the cases reviewed above, it is therefore clear that the point presented in the case at bar for determination was not decided, nor was there any occasion to decide it in any one of those cases, nor was the point decided in any other case of which we have knowledge. However, in the cases reviewed, the statement is made by the court that the General Assembly, in enacting Act 159 of 1898, relative to the appointment of receivers, “was dealing with a particular subject, and evidently intended to regulate and cover the whole practice concerning that particular matter.” This is a general statement, but it is largely true. The Legislature was dealing with a special subject in a particular manner. The above statement, made by this court, in the cases reviewed, is stressed by counsel, and should be noticed, not only for that reason, hut also because we have resorted to the general law in ascertaining whether the General Assembly intended that the order from the entry of which the delay for appealing begins to run is the entry of the oral announcement of judgment or the entry of the written and signed judgment of the court. *326 In so resorting, we do not think that we have departed from the general statement above quoted. In fact, in the first case in which that statement was madej that of State ex rel. Garing v. Judge, cited supra, the court resorted to the general law by referring to article 318 of the Code of Practice to aid it in determining whether Sundays should be included in the delay for an appeal from an order appointing or refusing to appoint a receiver, just as we have resorted to article 546 of the Oode to aid us in determining whether the delay runs from the entry of the judge’s verbal order, or from the entry of this written and signed order, making or refusing to make the appointment.
In the case at bar, as the appeal was taken within 10 days after the entry of the written and signed order of the judge refusing to appoint a receiver, it was timely taken, provided, of course, plaintiff was not required to furnish an appeal bond, for none was furnished.
[2] The fact that plaintiff furnished no such bond, as we have had occasion to observe, constitutes the second ground of the motion to dismiss. It will be recalled that the trial court permitted plaintiff to sue without furnishing a bond for costs, and without paying the costs, as they accrued; and that the court at first fixed a devolutive appeal bond, but, when its attention was called to the fact that plaintiff had beeri permitted to sue in forma pauperis, relieved her of furnishing the devolutive appeal bond. Plaintiff contends that, as she has been permitted to sue in forma pauperis, as provided by Act 156 of 1912, she may appeal devolutively without furnishing bond, and cites, in support of her position, Jackson v. Cousin, 138 La. 197, 70 South. 96; Smith v. Lyon Cypress Co., 140 La. 507, 73 South. 712; Mathis v. Kansas City Southern Ry. Co., 140 La. 855, 74 South. 172; and Muller v. Johnson, 140 La. 902, 74 South. 189. The decisions cited were rendered prior to the adoption of Act 260 of 1918, amending and re-enacting Act 156 of 1912, and hold that, under the act of 1912, one who may sue in forma pauperis may appeal devolutively from the judgment rendered in the case, in which he is thus permitted to sue, without furnishing an appeal bond. The amendment of 1918 expressly authorizes devolutive appeals without bond by onb who is permitted to sue in forma pauperis, thus confirming the jurisprudence in that respect. Defendant contends, however, that Act 156 of 1912, as amended by Act 260 of 1918, does not apply to a suit by stockholders to place a corporation in the hands of a receiver, for the reason that the very fact that the person sxxing is such a stockholder is a refutation of the other and necessary fact that such a person has no property, and cannot, therefore, pay the costs of court as they accrue, or give security therefor. We see no reason, however, why a person may not own stock in a corporation, and yet, having good grounds upon which to sue for the appointment of a receiver, be unable to institute such a suit, for the reason that, because of his poverty, he can neither furnish bond for costs nor pay the costs as they accrue. It is true that it is not likely that a stockholder in a corporation will be placed in such a position, but it is possible for him to be so placed, and it is because of this possibility that the law grants the above relief.
Defendant further contends that Act 159 of 1898, authorizing and regulating the appointment of receivers, is not affected by Act 156 of 1912, as amended by Act 260 of 1918. However, in our view, Act 156 of 1912, as amended by Act 260 of 1918, is applicable to suits instituted for the appointment of a receiver, under the act of 1898. By its terms, the former act, as amended, applies to all suits, except those for obtaining a separation from bed and board or for divorce.
For the reasons assigned, the motion to dismiss the appeal herein is overruled.