(104 So. 61)

No. 26727.

## MOTOR SALES & SERVICE CO. v. J. D. KERR GRAVEL CO., Inc.

### KERR v. SAME.

(Nov. 3, 1924. On the Merits March 30, 1925. Rehearing Denied April 27, 1925.)

### On Motion to Dismiss.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** &infin;364—**Appeal from appointment of receiver filed within 10 days proper.**

Appeal from order appointing receiver by parties to the suit, made returnable under Act No. 159 of 1898, § 4, *held* proper as against contention that it should have been made under Act No. 106 of 1908, providing for appeals generally.

2. **Appeal and error** &infin;364—**Order making appeal returnable before statutory time had elapsed not sufficient to justify dismissal.**

That order made appeal returnable before lapse of time prescribed would not justify dis-

missal; error being imputable to official granting appeal.

### On the Merits.

3. **Corporations** &infin;552—**Receiver may not be appointed for purpose of taking control away from stockholders.**

Receiver for corporation may not be appointed at the instance of its president for sole purpose of taking control away from its stockholders.

4. **Appeal and error** &infin;781(7)—**Petition for increase of receiver's bond held not acquiescence in order of appointment.**

Where stockholders intervened in action for appointment of receiver opposing same, and appealed from order of appointment, motion to have his bond increased *held* not acquiescence in appointment, so as to warrant dismissal of appeal.

5. **Appeal and error** &infin;781(7) — **Attempt of stockholders to secure removal of temporary receiver for improperly engaging in new business not acquiescence in his appointment.**

Where stockholders intervened in action for appointment of receiver, and appealed from order therefor, their attempt to secure his removal for engaging in new business on account of corporation and purchasing expensive equipment, notwithstanding their suspensive appeal, and in violation of Act No. 159 of 1898, *held*, not acquiescence in his appointment so as to warrant dismissal of appeal.

6. **Corporations** &infin;557(6)—**Stockholders successfully appealing from appointment of receiver entitled to attorneys' fees.**

Under Act No. 117 of 1916, stockholders who intervened in action for appointment of receiver and successfully appealed from order of appointment *held* entitled to attorneys' fees.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suits by the Motor Sales & Service Company and Sara Storm Kerr against the J. D. Kerr Gravel Company, Inc., for appointment of receiver, in which Theodore Dendinger, Sr., and others intervened. Decree appointing receiver and intervenors appeal. Motion to dismiss appeal denied, and decree reversed and rendered.

J. D. Dresner, of New Orleans, Thos. M. Burns. and Jas. T. Burns, both of Covington, and M. L. Dresner, of New Orleans, for appellants.

Miller & Miller and Cappel & Planche, all of Covington, and Osceola H. Carter, of Franklinton, for appellees.

## On Motion to Dismiss.

OVERTON, J. These suits were instituted for the purpose of having a receiver appointed for defendant. On the return day fixed for defendant to show cause why a receiver should not be appointed, Theodore Dendinger, Sr., and several other stockholders intervened, opposing the appointment of one. The cases were tried and a receiver was appointed for defendant on June 21, 1924. On June 27, 1924, six days after the entry of the order, appointing a receiver, interveners obtained an order of appeal in each case, and on the same day perfected the appeals by furnishing the required bonds. The appeals were made returnable to this court, to quote from the orders granting them, "on June 30, 1924, according to law." On the day fixed for the return 'of the appeals, this court, on the application of appellants, extended the return day to July 21, 1924, on which day the transcript was filed.

Appellees have filed a motion in this court to dismiss the appeals. The motion may be said to be based upon four distinct grounds, of which only one has been noticed in the brief filed in support of the motion. The ground noticed is disclosed by articles 2 and 3 of the motion, which read as follows:

"II. That the return day fixed by the order of appeal and prayed for in the petition of appeal filed by said interveners is not such a return day as is fixed and provided for by law for an appeal from an order appointing a receiver.

"III. That this appeal is made returnable to this court in less than 15 days from the date of the order of appeal."

In other words, as appears from their brief the contention of plaintiffs and defendant is that the appeals in this case were taken under the first sentence of section 4 of Act 159 of 1898, which is a part of the law governing the appointment of receivers, when they should have been taken under Act 106 of 1908, which provides for the fixing of the return day for appeals generally, save, by construction, in certain instances specially provided for by other laws. The difference stressed by appellees between the two methods of appeal is that in the former the appeal, by law, is made returnable in 10 days, whereas in the latter the trial judge is directed to fix the return day in the order granting the appeal, which, unless otherwise agreed to by the parties, must not be less than 15 days nor more than 60 days from the date of the order. Hence the contention of appellees seems to be that the appeals should be dismissed, as they were granted on June 27, 1924, and made returnable, without the consent of the parties, on the 30th of the same month—only three days after the date of the order granting them.

The appeals, as contended for by plaintiffs and defendant, were granted and perfected under the first sentence of section 4 of the act cited. The entire section reads as follows:

"Any person or persons who by affidavit appear to be interested, on giving bond in a sum to be fixed by the court, may appeal in the face of the record from any order appointing, or refusing to appoint a receiver, granting, or refusing to grant an injunction as aforesaid; such an appeal when perfected shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property; provided that such appeal must be taken and perfected within ten days from the entry of the order appointing or refusing to appoint a receiver, or granting or refusing to grant an injunction. Such appeal shall be returnable in ten days from the date of such order, and shall be tried by preference in the appellate court. Any interested party may apply within

thirty days after the entry of the order of appointment of a receiver to vacate same on legal or just grounds, and may appeal from an adverse judgment, but such appeal shall not suspend the functions of said receiver in any way. The value of the property confided to the receiver shall determine the jurisdiction of the appellate court."

The contention of appellees is that the first sentence of the section quoted, as appears from the language used, does not include appeals taken by one of the parties to the suit, but has reference only to appeals taken by parties at interest, but who are strangers to the suit, and that the second sentence of the section, which fixes the return day, relates only to appeals of that class, that is, to those by third persons, as appears from the wording of the sentence and its place in the section; and, as to the third sentence in the section, the contention is, in so far as it relates to appeals, that it has reference only to those from orders vacating or refusing to vacate the appointment of receivers, and not to orders appointing or refusing to appoint them.

From these premises appellees argue that, as the appellants herein were parties to the suit in which the order was rendered, appointing a receiver, and as the only special regulations governing appeals in receivership matters are those found in the section of the act quoted supra, and as this section does not include appeals taken by parties to the suit from orders appointing or refusing to appoint a receiver, appellants should have taken their appeals as provided by Act 106 of 1908, and that, having failed to do so, the appeals should be dismissed.

[1] There might be some force in the contention of appellees as to what law governs the taking of appeals in cases such as the present, were the question a new one, but we are not prepared to hold that, even were appellees' contention maintained, as to what law governs, the result would be the dismissal of the appeal. However, the question, as we have said, is not a new one. It has been decided at least twice that appeals by parties to the suit for the appointment of receivers are governed by section 4 of Act 159 of 1898, the section under consideration, and not by the general law. Thus, in the Louisiana Driving & Racing Club Case, 120 La. 268, 45 So. 127, the appellee moved to dismiss the appeal on the ground that the plaintiffs therein, who were the appellants, had not complied with section 4 of the Act of 1898, in that they had not perfected their appeal within the time prescribed by the section. On the other hand, the appellants contended that the section cited did not apply to appeals taken by parties to the suit for the appointment of receivers, but that such appeals were governed by the general law. The court, in passing upon the issue, said:

"In State ex rel. Garig v. King, Judge, 104 La. 472, 29 South. 18, this court declared that the General Assembly, in enacting Act No. 159, p. 312, of 1898, authorizing and regulating the practice of appointing receivers, was dealing with a particular subject, and evidently intended to regulate and cover the whole practice concerning that particular matter. That statement has never been withdrawn or modified. Appellants urge that the rule in the statute governing appeals does not refer to appeals taken by the party to the litigation, but to appeals of third parties. It would be strange if a statute intended to cover the whole practice on a particular matter should or could be construed so as not to apply to the parties involved in the litigation."

And in Kerlin v. Bryceland Lumber Co., 134 La. 463, 64 So. 289, the appellee moved to dismiss the appeal on the ground that it was not made returnable under Act 106 of 1908, which is the act that appellees, in the present case, contend the appeals herein should have been made returnable under, and this court, in disposing of the motion, said:

"This general law [Act 106 of 1908] is without application to appeals from orders appointing receivers, which is governed by a special

statute, contained in section 4 of Act No. 159 of 1898, p. 312, wherein it is directed that 'such appeals shall be returnable in 10 days from the date of such order.' * * * "

Therefore, in view of the authorities cited, and in view of the fact that those authorities seem to be supported by the legislative intent, as gathered from the Act of 1898, our conclusion is that the Act of 1898 governs appeals in such cases as the present, and hence that the appeals taken herein should not be dismissed on the ground urged.

[2] Let us assume, however, that the appeals in this case are not governed by section 4 of Act 159 of 1898, but should have been made returnable in accordance with the provisions of Act 106 of 1908, that is to say, on a day which should have been fixed by the judge within the period of not less than 15 nor more than 60 days from the date of the order granting them, still this would not justify their dismissal. The only objection, which then could be urged against the order granting the appeals, would be that the order makes them returnable, without the consent of the parties, before the lapse of the 15 days prescribed by the statute. The error, however, would be one imputable to the official granting the appeals, and not to the appellants; and hence, while the error would not be permitted to prejudice the rights of the appellees, yet it would not call for or justify the dismissal of the appeals. Wilder v. Jackson, 150 La. 864, 91 So. 245; Ross v. Naff, 130 La. 590, 58 So. 348; Orleans & J. Ry. Co. v. International Const. Co., 113 La. 409, 37 So. 10; Allen v. Henley, 130 La. 861, 58 So. 688.

Appellees, as stated in the first part of this opinion, have included in their motion three other grounds for dismissal. While they have not noticed these grounds in their brief, still we may say that we have examined them, but find no merit in them.

For the reasons assigned, the motion to dismiss is denied.

### On the Merits.

ST. PAUL, J. This is a suit to have a receiver appointed for the defendant corporation. It was filed on the heels of the suit of State ex rel. Dendinger et al. v. Kerr Gravel Co., decided this day;[1] and was manifestly filed to anticipate the action of the court in that case. Both cases were tried and disposed of by the court below on the same day.

### I.

The suit was brought first by three alleged creditors of the corporation, whose claims were confessed in the answer filed by the president of the corporation, also confessing judgment for the appointment of a receiver. But said claims were not acknowledged nor said judgment confessed by the board of directors, and were expressly denied by the intervenors, who appeared herein to oppose the appointment of a receiver. No proof was made, or even attempted, of their said claims; the judgment of the lower court does not recognize them as creditors, and they have not appealed from said judgment, nor answered this appeal, praying to have their said claim recognized. They have, so far as this record shows, no interest in the appointment of a receiver for the defendant corporation. But, in any event, their prayer for the appointment of a receiver is based on the same grounds as those set up by the other petitioner, a stockholder, and we now pass to those.

### II.

The stockholder who applies for the appointment of a receiver is the wife of the president of the corporation. Her petition sets up in general terms practically every ground set forth in the receivership statute as a cause for the appointment of a receiver. But her allegations of fact are of the most meagre, and amount only to this: That the corporation is solvent; that the stock-

---

[1] Ante, p. 324, 104 So. 60.

holders have neglected to elect officers to manage the affairs of said corporation; that the affairs of said corporation are being well managed by the president thereof (her husband); that his said management is being interfered with by the refusal of the intervenors to finance the corporation any further under his management; that the filing of the mandamus proceedings to compel him to call stockholders' and directors' meetings has interfered with his ability to secure financial assistance elsewhere; that the corporation has contracted obligations which it cannot perform under such circumstances unless a receiver be appointed to manage its affairs.

### III.

[3] We see nothing in law or in equity which authorizes the appointment of a receiver under such circumstances. The purpose of asking for such receiver is (in the light of the other case this day decided) manifestly neither in the interest of the stockholders nor of the creditors, but appears, on its face, to be solely for the purpose of taking the control of the corporation away from its stockholders, unless they consent to allow the president to continue to manage its affairs without regard to the wishes of its stockholders and directors. And this should not be permitted. In Dreifus v. Colonial Bank & Trust Co., 123 La. 61, 48 So. 649, this court held, in effect, that even the liquidation of the affairs of a solvent corporation belonged exclusively to its stockholders; much more so, therefore, does the management of its affairs as a going concern belong to such stockholders. And, accordingly, they cannot be penalized by the appointment of a receiver to displace and dispossess them, because forsooth they are seeking by lawful means only to obtain, or retain, the management of affairs, to which they are legally entitled.

### IV.

[4, 5] The trial judge, on the allegation that there were some contracts which required immediate attention, and "to insure the operation of the plant in making deliveries under bonded contracts," appointed the president of the corporation as "temporary receiver," and fixed his bond. Whereupon the receiver took charge.

Plaintiffs have moved to dismiss the appeal taken by the intervenors on the ground that they have acquiesced in the judgment of the lower court (1) by moving to have the receiver's bond increased; and (2) by seeking the removal of the receiver for engaging in new business for account of said corporation, such as entering into new contracts, purchasing expensive new machinery, and issuing large amounts of receivers' certificates—all notwithstanding the suspensive appeal taken by intervenors, and in violation of the receivership act (No. 159 of 1898, p. 312), which provides that such an appeal "shall have the effect of suspending the functions of such receiver, except to perform such administrative acts as may be necessary for the preservation of the property."

The motion is wholly without merit. It is no more an acquiescence in the appointment of a receiver to ask that his bond be increased than it would be an acquiescence in an injunction or attachment to ask that the bond given to secure such writ be increased because insufficient. Nor yet is it an acquiescence in the appointment of a receiver to ask for his removal on the ground that, being receiver in fact by reason of his appointment, he is acting illegally under his said appointment pending the appeal taken. No more so than it would be an acquiescence in a seizure to complain additionally that the sheriff was proceeding to execute said seizure in an unlawful manner.

V.

[6] Intervenors have asked for attorneys' fees. We think they are entitled to them under the provisions of Act 117 of 1916, p. 253, which provides that:

"If the minority stockholder or stockholders shall unsuccessfully prosecute their cause for the appointment of a receiver, he or they shall not only be condemned to pay the cost of the proceedings, but shall be further condemned to pay reasonable counsel fees, and other reasonable expenses to the corporation or the stockholders on whose action, joint or several, the complaining stockholder bases his claim for relief. * * *"

And a petitioner for the appointment of a receiver, whose demand, though successful below, is rejected on appeal, is unsuccessful within the meaning of said act. Uncle Sam Planting & Mfg. Co. v. Reynaud (our No. 26837) 157 La. 955, 103 So. 276.

We fix the sum of $300 as a reasonable attorney's fee in this case, and assess it against the unsuccessful stockholder.

### Decree.

It is therefore ordered that the motion to dismiss be denied; that the judgment appealed from be reversed, and plaintiffs' demand rejected at their cost in both courts, and that intervenors herein have judgment for $300, as attorneys' fees, against the plaintiff Mrs. Sara Storm, wife of J. D. Kerr.

━━━━━━

(104 So. 65)