JOHN THORNHILL *v.* RICHARD CRISTMAS.

Since the act of the 28th March, 1840, ch. 117, abolishing imprisonment for debt, no order of arrest can be legally issued after judgment. The arrest still authorized is merely a conservatory measure, for the purpose of securing the appearance of the defendant. Arts. 212, 214 of the Code of Practice, amended by the second section of the act of 28th March, 1840, ch. 117, relate only to the arrest of the defendant at the institution of the suit.

The security in a bond taken under a writ of arrest cannot be made liable, where the writ was illegally issued.

APPEAL from the Commercial Court of New Orleans, *Watts,* J.

BULLARD, J. The plaintiff having obtained a judgment against Christmas upon the record of a former judgment recovered in the State of Mississippi, made affidavit that the debtor was about permanently to depart from the State without leaving in it sufficient property to pay his debt, and that he did not take the oath for the purpose of vexing him, but only for the purpose of securing his demand, and obtained an order of arrest. Harrison became the surety of the defendant in his bond, conditioned that he should not leave the State within three months from its date, in conformity to the provisions of the act of 28th March, 1840, entitled "An act supplementary to an act entitled

an act to abolish imprisonment for debt." See B. & C.'s Dig. 475, No. 16, sec. 1.

A writ of *fieri facias*, issued against the original debtor, having been returned *nulla bona*, the plaintiff took a rule upon the surety, and on proof that the defendant went out of the State within the three months, judgment was rendered against him, and he has appealed.

The counsel of the appellant contend, that the act of the legislature of 1840, having abolished the writ of *capias ad satisfaciendum*, no order of arrest can be legally issued after judgment rendered, as a means of coercing the payment of the judgment; that this would amount, in substance, to the very writ abolished; and that the arrest still authorized by law is merely a conservatory measure, and with a view of securing the appearance of the defendant; that the articles 212 and 214 of the Code of Practice, amended by the act of 1840, section 2d, (See Digest, 472), relate only to the arrest of the defendant at the institution of the suit, with a view of securing the payment of the judgment which the plaintiff *expects to obtain* in the suit he *intends to bring*, and that the writ issued after judgment is nothing more than a *capias ad satisfaciendum* in disguise.

This is, in our opinion, the true construction of the statute. The writ issued improvidently, and the defendant is not liable as surety on the bond. The judgment of the Commercial Court is, therefore, reversed, and ours is that the rule be discharged, with costs in both courts.

*Kane*, for the plaintiff.

*E. C. Mix* and *Elwyn*, for the appellant.

---

In the cases of *Freeman Derby and another* v. *J. Chauncey Boyd*, from the Commercial Court of New Orleans, and *James C. Parker and another* v. *Barnard and others*, from the District Court of the First District, the judgments below were affirmed on appeal, in New Orleans, with damages, during the period embraced by this volume.