## ANDERSON et al. *v.* BRINKLEY.

A debtor arrested under the provisions of the acts of 28th March, 1840, ch. 118, 119, may be imprisoned for three months, unless released on giving bond, as provided for by those acts. The period of imprisonment cannot be affected by the fact of judgment being obtained against him within the three months. The provision of the act of 1840, abolishing the writ of *ca. sa.* cannot be considered as authorizing the release of the debtor, before the expiration of the three months, in case of judgment being rendered against him within that period.

APPEAL from the District Court of the First District, *Buchanan*, J.

    *T. A. Clarke,* for the appellants. The writ of arrest is intended to com-

pel a disclosure of property.  Code of Pract., arts. 212, 214.  Article 210 of that Code must be construed with reference to the fact that, at the time of its insertion in the Code, a *ca. sa.* was authorized against the person of the debtor. The *ca. sa.* came in aid of the old writ of arrest.  The present writ, authorized by the act of 1840, was intended to provide a remedy adapted to the new circumstances produced by the abolition of the *ca. sa.*, by enlarging the effect of the arrest, during the period fixed by the statute.

*F. B. Conrad*, for the defendant.  The writ of arrest is a conservatory writ, intended to secure the person of the debtor, to answer the judgment which may be rendered againt him.  Code of Pract., arts. 208, 210.

The *ca. sa.* being abolished, no other writ can now issue upon a judgment than a *fi fa.*, and the person of the debtor cannot be affected by such a writ. His detention in prison after judgment answers no purpose whatever.  See *Thornhill* vs. *Christmas*, 10 Robinson, p. 543.

The judgment of the court was pronounced by

SLIDELL, J.  The defendant, having been arrested for debt, confessed judgment on the 10th of November, 1845, and was discharged the next day, under the authority of the case of *Thornhill v. Christmas*, reported in 10 Robinson, p. 543.

We understand that case only to decide that, since the act of March, 1840, abolishing the writ of *capias ad satisfaciendum,* no order of arrest can legally be issued *after judgment.*  It is not necessary to say, on this occasion, whether we are prepared to concur in the opinion there expressed, for the arrest in this case was made at the inception of the suit.

By the act of 1840 the writ of *capias ad satisfaciendum* was abolished, but the arrest of the debtor was authorized under certain circumstances.  The term during which he could be retained in custody was limited to *three months*, with the qualification that, at the expiration of that term, if he be a *resident of the State*, he is bound to make a surrender of his property, if his creditor require it.  But while the statute thus expressly asserts the right of the creditor to hold his debtor in imprisonment under a writ of arrest for a term of three months, it has not declared that the obtaining judgment shall curtail this term. To presume such a curtailment, as an enactment arising by implication from the abolition of the writ of *capias ad satisfaciendum*, would be illogical.  For the writ of *capias ad satisfaciendum* abolished by the statute, and the writ of arrest which it expressly authorized, are writs very different in their nature. We are unable to see how that which was an arrest before judgment, becomes, by the rendition of judgment, a different proceeding, and assumes the character of a taking upon a *capias ad satisfaciendum.*  It remains still an arrest, and its effect expires only at the time declared by the statute, to wit, at the expiration of the term of three months.  We cannot make a qualification which the law-giver has not made.

We therefore conclude that, the court below erred in considering the arrest obtained in this cause as legally discharged, by the rendition of judgment for the debt against the debtor.

It is therefore decreed that the judgment of the court below, releasing and discharging the defendant from imprisonment, be reversed, and that the rule taken to that end by the defendant be dismissed ; the defendant paying the costs of said rule in the lower court, and also the costs of this appeal.*

---

* A similar judgment was pronounced, at the same time, on another appeal taken from a judgment rendered on a rule between the same parties in another action,