## No. 6290.

FELIX GOTTSCHALK vs. HENRY MEYER, ON A RULE AGAINST H. REDWITZ, SURETY.

The object of the law in giving the creditor a right to prevent the departure of the debtor for the period of three months, is not that the latter may be finally imprisoned upon a writ of *capias ad satisfaciendum*, but to compel him to pay the debtor or to make an involuntary surrender of his property.

Whether the creditor's remedy to compel a surrender be under the State or national law of bankruptcy, he has the same interest in enforcing the presence of his creditor, in order that this surrender may be effected, and although the State may be precluded, for the time being, from enforcing her own bankrupt law, she is not on that account prevented from affording her citizens the means of invoking the bankrupt law of the United States.

Therefore it is not true that, inasmuch as the general bankrupt law of the United States has superseded, for the time being, the insolvent law of this State, it follows that the purpose of the statute authorizing an arrest in civil cases can no longer be fulfilled, and consequently that the bond sued upon is void.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier*, J. *Labatt, Aroni & Clinton*, for plaintiff and appellee. *B. R. Forman*, for Hugo Redwitz, surety, defendant and appellant.

### ON MOTION TO DISMISS.

MORGAN, J. This case is to be governed by the decision heretofore rendered by us in the case of Redwitz vs. the Judge of the Sixth District Court, Parish of Orleans, lately decided. Opinion Book No. 45, p. 72.

For the reasons therein assigned the motion to dismiss is refused.

## ON THE MERITS.

LEONARD, J. The plaintiff in this case sued the defendant, Henry Meyer, for the sum of $491 66, and coupled with his suit the conservatory remedy of arrest, alleging that the defendant was about to remove from the State permanently without leaving in it sufficient property to satisfy plaintiff's demand. The defendant, having been arrested, was afterward released upon executing the bond required by law, Mr. Hugo Redwitz becoming his surety. In due course of legal proceedings plaintiff obtained judgment for the amount claimed in his petition. Execution thereupon issued, and was returned *nulla bona*. A rule was then taken upon the surety, Redwitz, to show cause why he should not be condemned to pay the amount of plaintiff's judgment against Meyer. From a judgment making the rule absolute the surety, Redwitz, has appealed.

The bond executed by Meyer, principal, and Redwitz, surety, contained the stipulation that the principal should not depart from the State within three months without the leave of the court, or, in case of such departure, that the defendant and his surety should pay to the sheriff the amount for which definitive judgment should be rendered in this case.

The defenses of Redwitz are:

First—That Meyer was not legally arrested, because he was not a resident of New Orleans, nor was there any allegation that he was absconding from his residence.

Second—That the bond given by the plaintiff as a condition precedent to the issuance of the writ of arrest was not good and solvent.

These defenses, if they have any merit, could be properly urged only by a rule to quash the writ of arrest. They were, in fact, so urged, and were decided adversely to the pretensions of the defendant. This judgment is binding upon the surety. 14 An. 509; 10 An. 261.

The third defense is, that it is incumbent upon plaintiff to prove affirmatively beyond a reasonable doubt that Meyer left the State within three months of his arrest. This, we think, has been done. Even without the testimony of Mr. Forman, which is objected to as having been improperly received, there is evidence sufficient to establish the fact in question.

Again, it is contended by defendant's counsel that the obligation of the surety in a case like the present is vain and useless, because the writ of *capias ad satisfaciendum* is abolished. To this it is only necessary to reply that the object of the law in giving the creditor a right to prevent the departure of the debtor for the period of three months is not that the latter may be finally imprisoned upon a writ of *capias ad satisfaciendum*, but to compel him to pay the debt, or to make an involuntary surrender of his property.

Gottschalk vs. Meyer.

Lastly, the objection is urged that inasmuch as the general bankrupt law of the nation has suspended, for the time being, the insolvent law of the State, it follows that the purpose of the statute authorizing an arrest in civil cases can no longer be fulfilled, and that the bond is therefore void. We can not assent to this proposition. Whether the creditor's remedy to compel a surrender be under the State or national law, he has the same interest in enforcing the presence of the debtor. in order that this surrender may be effected. And although the State may be precluded for the time being from enforcing her own bankrupt law, she is not on that account prevented from affording her citizens the means of invoking the bankrupt law of the nation.

We have carefully considered all the grounds of defense which have been presented by the surety, and can discover no sufficient reason why he should not remain bound as he chose to bind himself.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be affirmed with costs.

Rehearing refused.