(55 South. 672.)

No. 18,783.

SPIZALE v. LACROIX et al.

In re THOMAS.

(May 22, 1911. Rehearing Denied June 26, 1911.)

*(Syllabus by the Court.)*

CERTIORARI (§ 60*)—DISMISSAL.

Where the applicant for a writ of review to the Court of Appeal fails to comply with the requirements of section 2, Act No. 191 of 1898, his application will be dismissed on motion of the adverse party, filed at any time before the submission of the cause.

[Ed. Note.—For other cases, see Certiorari, Cent. Dig. §§ 153–167; Dec. Dig. § 60.*]

Action by Philip Spizale against Pauline Spizale Lacroix and others. Judgment for plaintiff was affirmed by the Court of Appeal, and John J. Thomas applies for certiorari or writ of review. Dismissed.

McCloskey & Benedict and Frank W. Hart, for applicant. Charles T. Starkey and D. V. Doussan, for respondent.

LAND, J. In the above-entitled proceeding a writ of certiorari or review was granted by the court on April 10, 1911, and in response to the order the record below was filed on April 12, 1911. On April 24, 1911, the case was fixed for submission on May 8, 1911. The defendants, on April 27, 1911, filed a motion to dismiss the proceedings, on the ground that the original pleadings had not been filed with the application, as required by Act No. 191 of 1898. The applicant answers that the motion to dismiss comes too late, as more than three judicial days have elapsed since the filing of the record in this court.

Act No. 191 of 1898 was passed to carry out the provisions of article 101 of the Constitution of 1898 relative to Courts of Appeal. Section 1 of the statute regulates the manner in which the Supreme Court may be consulted on questions of law submitted by judges of the Courts of Appeal. Section 2 regulates the mode of applying to the Supreme Court for writs to review the judgments of Courts of Appeal "on questions of law or jurisprudence or concerning the jurisdiction of said Courts of Appeal," and inter alia provides that the petition of the applicant "shall be sworn to and the applicant shall file therewith a copy of the original petition and answer or other pleadings in the case."

In Landry v. Labarre, 125 La. 714, 51 South. 697, the petition of the applicant

was not sworn to, and the writ was recalled on motion of the adverse parties. The court held that the requirements of the statute should be carried out under penalty of dismissal, if not followed. In the recent case of Coignet v. Nelson, In re Coignet, 54 South. 925, ante, p. 414, this court recalled the writ of review, because the applicant had not filed with his petition "a copy of the original petition and answer or other pleadings in the case," for the reason that the omission was fatal to the application, and not to be cured by subsequent proceedings.

Counsel for applicant endeavors to differentiate the present case by the fact that the motion to dismiss was not filed within three judicial days after the filing of the original record in this court, as was done in the cases supra. While this is the general rule as to ordinary appeals (C. P. art. 886), it has no application to proceedings for writs of review, which are governed entirely by Act No. 191 of 1898. In the Coignet Case we held that the requirements of that statute are imperative, and cannot be dispensed with by the court.

It is therefore ordered that the writ of review heretofore issued in this case be recalled, and that the application herein be dismissed, with costs.

BREAUX, C. J., concurs. SOMMERVILLE, J., takes no part herein.