LAND, J.
As both parties have failed to file briefs in this court, it is ordered that the cause “be relegated to the delay docket,” pursuant to section 5 of rule 12.
Withdrawn from delay docket October 28, 1915, on motion filed October 27, 1915.
LAND, J. Defendant was indicted for failing and neglecting to make full payment *455 to employés as often as once every two weeks or twice each month, contrary to the provisions of Act No. 25, p. 80, of 1914.
, Defendant moved to quash the indictment on the ground of exemption from imprisonment for debt, “specially reserved by article 15 of the Constitutions of 1898 and 1913,” and that said act is class legislation.
Later the defendant filed another motion to quash the same act on the grounds of violation of the Fourteenth Amendment of the Constitution of the United States, and of sundry articles of the state Constitutions of 1908 and 1913. These motions were sustained, and the state has appealed.
All of these grounds, except that of imprisonment for debt, were considered and overruled by this court in the recent case of the State v. Cullom (No. 21,556) 70 South. 338, ante, p. 395, where a similar motion to quash was sustained by .the same court.
On the question of imprisonment for debt, we quote from defendant’s brief as follows:
“No person shall be imprisoned for debt except upon allegations and proof of fraud. Ex parte Crane, 26 Cal. App. 22, 145 Pac. 733.
• “In this case a statute in effect 'similar to Act 25' of 1914 is unconstitutional. The difference between the California case and this, however, is that the Constitution of California provides in terms that no man- shall be imprisoned for debt, whilst in Louisiana it is an unwritten article of the Constitution.”
Counsel for defendant argue that freedom from imprisonment for debt is one of the reserved rights of the people under article 15 of the state Constitution, reading:
“This enumeration of rights shall not be construed to deny or impair other rights of the people not herein expressed.”
This article is meaningless, as the people ,of this state retain all rights the exercise of which is not prohibited by the Constitution of the state or of the United States.
• No constitution of this state has ever prohibited imprisonment for debt; and the first Code of Practice adopted by the Legislature authorized the use of the writ of capias ad satisfaciendum. This writ was abolished by Act No. 117, approved March 28, 1840.
In other states statutes regulating the right of imprisonment for debt in civil actions have repeatedly been held to be constitutional, 16 A. & E. Ency. Law (2d Ed.) p. 16.
Therefore there is no basis for the contention that the act in question violates the Constitution of this state. “There is no provision in the federal Constitution relating to imprisonment for debt.” Rev. Stat. U. S. § 990 (U. S. Comp. St. 1913, § 1636), adopts the laws of the respective states on the subject-matter. Id. pp. 15, 16.
The Constitutions of many of the states contain provisions prohibiting imprisonment for debt. Under such Constitutions it has been held that:
“A statute providing indirectly for the imprisonment of a debtor by creating a crime for the nonpayment of debts and prescribing punishment therefor by imprisonment is unconstitutional.” Id: p. 14, note 5.
Even under such Constitutions, the penalty of a fine might be sustainable, in a case like this, where the imprisonment is at the discretion of the court.
If, as we have already held, Act No. 25 of 1914 is constitutional, the legislative power to impose the penalty of imprisonment necessarily follows.
It is therefore ordered that the judgment appealed from be reversed, and it is now ordered that the motions to quash filed by the defendant be overruled, and that this case be remanded to the court below for further proceedings according to law.