No. 472

First Circuit

——

HANNAGRIFF v. KING

——

(June 28, 1929. Opinion and Decree.)
(October 10, 1929. Rehearing Refused.)

——

Bascom D. Talley, of Bogalusa, and Miller & Richardson, of Bogalusa, attorneys for plaintiff, appellee.

Brock and Carter, of Franklinton, attorneys for defendant, appellant.

ELLIOTT, J. L. M. Hannagriff moves to dismiss this appeal on the ground that the return day fixed for the appeal was less than 15 days.

The order granting the appeal was signed on March 5, 1929, and the appeal was made returnable on or before March 15, 1929. The time for which appeals shall be made returnable is fixed by Act No. 106 of 1908. The rules of practice regulating appeals to the Supreme Court apply to appeals to this court for the present. Const. 1921, art. 7, sec. 27.

Under the law, Code Prac. art. 898, and Act No. 45 of 1870, sec. 2, the alleged cause is not sufficient to justify the dismissal of the appeal, except when the fault in the matter is imputable to the plaintiff.

The Supreme Court has held in various cases that, when the court fixes a day for the return of an appeal sooner than the law directs, the fault is that of the court, and has always refused to dismiss appeals on account of the fault of the court. Pearce vs. State, 49 La. Ann. 643, 21 So. 737; Salles vs. Jacquet, 106 La. 645, 31 So. 153; Orleans & J. R. Co. vs. International Const. Co., 113 La. 409, 37 So. 10; Hays vs. Mayer, 117 La. 1067, 42 So. 505; Dobyns vs. Yazoo & M. V. R. Co., 119 La. 72, 43 So. 934; Dilzell Engineering & Construction Co. vs. Lehmann, 120 La. 273, 45 So. 138; Allen vs. Henley, 130 La. 861, 58 So. 688; Hirst

vs. Xeter Realty, 138 La. 398, 70 So. 339; Alexandria & W. Ry. Co. vs. Railroad Commission, 143 La. 1068, 79 So. 863.

The motion to dismiss is overruled.

The plaintiff, L. M. Hannagriff, brought suit against the defendant, King, in the city court of Bogalusa for $247.99 on an account, accompanying his suit by a writ of attachment. He recovered final judgment against King for the amount claimed by default. The attachment not having resulted in payment, a writ of fieri facias issued on the judgment under which defendant's household goods were seized and held to satisfy the judgment, on the ground that the judgment debtor had been caught in the act of leaving the state. Other creditors intervened, with the result that the seized household goods were released to King upon his paying into the court the sum of $145; but, others having claims on the money superior to Hannagriff, he failed to get anything due on his judgment. The creditors, including Hannagriff, agreed not to again seize defendant's household goods, and he moved them out of the state.

The defendant, King, was out of the state at the time his household goods were seized, but came back in order to arrange for their release. After he had paid the $145, he was getting ready to leave the state again when the plaintiff, by petition in the city court in which he had obtained judgment, alleged and charged under oath that the said King, being then within the jurisdiction of the court, was about to depart from the state permanently, without leaving in it sufficient property to pay his claim.

The affidavit contains all the essential requirements for the arrest of a debtor in conformity with Code Prac. art. 214, etc., and Rev. St. 1870, sec. 85 et seq.

The petition for arrest alleged that said King had money and property in his possession and under his control sufficient to pay him, and that said King was in the act of leaving the state for the purpose of defrauding him. He prayed that said King be arrested and held to give bond to appear for trial and to pay such judgment as might be rendered against him. The writ of arrest issued, and King, upon being arrested, appeared and filed a motion to dissolve the writ. The motion was overruled. He then filed an answer denying plaintiff's charges against him. He further alleged that the writ had issued on a judgment which had become final and no appeal was taken, and contended that he could not be arrested on such cause.

His answer contains other averments, but, on the trial of the case, the issues that seemed important were the question of fraud, and whether plaintiff was attempting to leave the state for the purpose of defrauding the plaintiff, and whether he could be arrested and held to give bond to pay a judgment that had already become final.

The defendant urges that the writ in this case is nothing less than a capias ad satisfaciendum abolished by the Legislature in 1840; that his arrest is therefore illegal, null, and void—citing Thornhill vs. Christmas, 10 Rob. 543.

The case cited is not an authority against the proceedings taken herein against the defendant, which have for their object to compel him to either pay Hannagriff or to make a surrender of his property. The procedure is in conformity with Code Prac. art. 210 et seq., and Rev. St. 1870, sec. 85 et seq.; Anderson vs. Brinkley, 1 La. Ann.

126; Gottschalk vs. Meyer, 28 La. Ann. 885; State ex rel. Wung Chung vs. Civil Sheriff of Orleans Parish, 31 La. Ann. 799; Mayeski vs. Creditors, 40 La. Ann. 94, 4 So. 9; State vs. McCarroll, 138 La. 454, 70 So. 448.

The lower court compelled defendant to give bond as required by Code Prac. art. 219.

As for defendant's intent and purpose, plaintiff's allegations against him seem to be established. And it further appears that he really has property and money in his possession and under his control sufficient to pay the plaintiff.

The judgment appealed from appears to be correct.

Judgment affirmed; defendant and appellant to pay the cost in both courts.

MOUTON, J., not participating.