No. 522

First Circuit

___

## KINCHEN v. ROYAL EXCHANGE ASSURANCE ET AL.

___

(December 3, 1929. Opinion and Decree.)

___

R. F. Walker, of Baton Rouge, attorney for plaintiff, appellant.

Hawthorn & Stafford, of Alexandria, attorneys for defendants, appellees.

LECHE, J. The present appeal was taken by plaintiff. Defendants, appellees, move to dismiss the appeal for various informalities and irregularities in the manner and form in which the appeal was taken. But appellees' right to object to such informalities and irregularities was waived by it when it filed an answer to the appeal. Appellees' answer to the appeal was filed in this court on October 7, 1929, and its motion to dismiss was filed the next day, October 8, 1929. One of the grounds urged to dismiss the appeal is the incompleteness of the transcript or record. Thereafter, but on the same day, October 8, 1929, appellant realizing that the transcript was incomplete filed a motion to remand the case in order to enable him to complete the record, and in that motion, he specifically declares that the incompleteness of the transcript, consisting of the absence of the testimony from the record, was not due to any fault or negligence on his part. By whose fault, if there is fault, the record is incomplete, is a conclusion which must be determined by the court and not by the appellant. But appellant in his motion does not state any facts from which such conclusion may be inferred.

According to Article 898 C. P. it is the duty of the appellant to see that the transcript is complete and that it is filed in due time in the appellate court. The cited article of the Code of Practice regulates appeals to the Supreme Court, but applies also to appeals in this court. Sec. 27, art. VII, of the Constitution of 1921.

It is obvious under these circumstances that the only ground of dismissal that this court is bound to consider is the incompleteness of the transcript, a matter which it would have to consider even if no motion to dismiss had been urged.

It is therefore ordered that this case be remanded to the district court from which it was appealed in order that evidence might be taken within thirty days solely as to the cause of the incompleteness of the transcript or record, and that immediately thereafter said transcript of record be returned to this court to be disposed of in accordance with law.