No. 711

First Circuit

———

KINCHEN v. ROYAL EXCHANGE ASSURANCE OF LONDON, ENGLAND, ET AL.

———

(December 1, 1930. Opinion and Decree.)

———

R. F. Walker, of Baton Rouge, attorney for plaintiff, appellant.

Hawthorn & Stafford, of Alexandria, attorneys for defendants, appellees.

MOUTON, J. This case was remanded by this court, Kinchen v. Royal Exchange As-

surance of London, England, et al., 12 La. App. 8, 124 So. 844, for the reception of evidence to ascertain whether or not the incompleteness of the record was due to the fault of appellant.

This evidence was to be taken within thirty days from the date of the order by this court remanding the case which was granted December 3, 1929.

Application for an extension of time to take the evidence was made to this court by appellant, and filed with our clerk at Baton Rouge, on January 2, 1930, although the clerk inadvertently marked it as filed January 2, 1929, instead of 1930.

This court, acting on the application, granted an extension of fifteen days from January 2, 1930. When the evidence was offered under this extension, on January 13, 1930, counsel for appellee objected thereto, claiming that the lower court was without jurisdiction, on the contention that, when this extension of fifteen days was granted, the time limit fixed under our original order had expired, and that this court had therefore no power to grant it. The first order granting thirty days to take the evidence was dated December 3, 1929, and the application for an additional extension was filed January 2, 1930.

The application for the additional extension was therefore filed within thirty days from the time given originally for the taking of the evidence. It was filed with our clerk at Baton Rouge, was therefore in time, and the second order of this court allowing the additional delay was legal.

The evidence taken January 13, 1930, shows that a search had been made for the testimony which was missing from the record by a deputy clerk of court, but could not be found when the transcript was pre-

pared for the appeal to this court. There is nothing to indicate that the failure or inability to find it was attributable to the fault of appellant or his counsel.

The testimony is now in the record, and, as the law favors the right of appeal, the motion to dismiss because of the incompleteness of the record is overruled. This case will be heard at the next regular term of this court at Baton Rouge.

The clerk of this court will give notice of this order to counsel for the litigants.