PER CURIAM.
Appellee moves on two grounds to dismiss the suspensive and devolutive appeal taken by defendant from a moneyed judgment for $1,000 rendered against him by the First City Court of New Orleans. The first ground urged for the dismissal of the appeal is that appellant did not file the transcript on the original return day or within the three-day grace period, nor did he timely apply for an extension of time in which to file the transcript.
The record discloses that the appeal was made returnable on Friday, August 7, 1953. The record from the lower court was not filed on or before that date, and appellant on Tuesday, August 11, 1953 filed a motion before us requesting an extension of the return day for such filing, which was granted. The record was filed before the return day as extended.
Appellee maintains that the three days of grace within which appellant could have applied for an extension of the return day provided by Art. 883, C.P., ended at midnight on Monday, August 10, 1953, and that the motion for the extension filed on August 11, 1953 came one day too late. Appellant’s contention is that the extension of time was seasonably applied for and obtained, he evidently taking the position that the three days of grace are judicial days and not ordinary or calendar days.
The motion to dismiss must prevail. The extension of time was applied for too late and our order extending the time in which to file the transcript was improvidently issued and is invalid, and the appeal must be dismissed.
By the provisions of Art. 883, C.P., if the appellant has not filed in the appellate court on the day appointed by the inferior judge the record from the court below, and was prevented from doing so by any event not under his control, he may apply to the court before the expiration of three; days and may demand a further' time to bring *504 it up, which may be granted by the court if the event causing the delay be proved to its satisfaction.
In State ex rel. Marcade v. City of New Orleans, 216 La. 587, 44 So.2d 305, the Supreme Court held that the three days of grace are judicial and not ordinary days. If the last day of grace falls on a legal holiday, the appellant has the following day. The last day of grace in this case fell on Monday, August 10, which was not a legal holiday, and appellant had only until midnight of that day to legally file his application for the extension of time in which to lodge the transcript in this court.
In view of our above conclusion it is not necessary to pass on the question whether the appeal bond furnished by appellant was timely filed.
It is therefore ordered that the motion to dismiss the appeal be maintained, and the appeal is accordingly dismissed.
Motion sustained.
Appeal dismissed.