HOOD, Judge.
This suit was instituted by Mrs. Lee Pratt Graham against her husband, R. A. Graham, and his two sons, Harry A. Graham and Clyde C. Graham. The two last named defendants filed exceptions of no cause of action and judgment was rendered, read and signed in the district court *606 on November 2, 1959, maintaining those exceptions and dismissing the suit as to those two defendants. On November 6, 1959, the trial court granted plaintiff a suspensive appeal from that judgment, returnable to the Supreme Court on January 7, 1960. The appeal bond was filed and the appeal was perfected on November 11, 1959.
The record was not filed with the Supreme Court on the return date originally fixed by the trial court. On or about January 7, 1960, however, an order was issued by the district judge extending the return date for the appeal to June 28, 1960, and the record was filed with the Supreme Court on the last mentioned date. The Supreme Court then transferred the appeal to this court on July 5, 1960. On August 31, 1960, the two appellees, Harry A. Graham and Cfyde C. Graham, filed with the clerk of this court a motion to dismiss the appeal on the ground that the appellant, having failed to'file the transcript with the Supreme Court on or before the return date, January 7, 1960, or within the three-day grace period allowed by law following the return day, is conclusively presumed to have abandoned her appeal. Appellant filed an answer to this motion, admitting the delay in filing the transcript, but praying that the case be remanded to the district court for further proceedings.
The issue presented by this motion to dismiss is identical to that considered and determined in the case of Townsend v. Graham et al., La.App., 124 So.2d 405. The law and jurisprudence which governed in that case is also applicable here. For the reasons assigned in that case, therefore, we conclude that the order of the district court purporting to extend the return date in this suit to June 28, 1960, is a nullity, producing no effect, and that since appellant failed to file the transcript with the Supreme Court on or before the original return date, January 7, 1960, or within the delays of grace following that return day, she is conclusively presumed to have abandoned her appeal. Appellees, therefore, are entitled to have the appeal dismissed. No purpose would be served by remanding the case to the district court, as requested by appellant.
The remaining defendant, R. A. Graham, filed no pleadings in the trial court, and no judgment was rendered by that court relating to him. This defendant died on December 30, 1959, and shortly thereafter Mrs. Cruse Graham Chisum was appointed and qualified as administratrix of his succession. On August 18, 1960, the appellant filed with the clerk of this court a motion to have the administratrix of the Succession of R. A. Graham summoned and made a party appellee, and accordingly an order was issued by this court citing her to appear and show cause why she should not be made a party to this appeal. Mrs. Chis-um promptly filed an answer to the rule and a motion to dismiss the application of appellant to have her, in her capacity as administratrix, made a party appellee. The appellant formally answered the motion filed by the administratrix, admitting that R. A. Graham was never an appellee, and conceding that appellant’s motion to have the administratrix of his succession made a party to the appeal should be rejected.
For the reasons herein set out, therefore, the motion of appellant to have Mrs. Cruse Graham Chisum, in her capacity as ad-ministratrix of ■ the Succession of R. A. Graham, deceased, summoned to appear and be made a party to the appeal is rejected, and the order of this court notifying and citing said administratrix to appear is vacated, recalled and set aside. The motion to dismiss the appeal filed by Harry A. Graham and Clyde C. Graham is maintained, and accordingly this appeal is dismissed at appellant’s costs.