JANVIER, Judge.
This matter is before us on motion to dismiss the appeal on the ground that the record of appeal was not filed in the appellate court (the Supreme Court) on or before the return day set in the order granting the appeal nor within the period of any lawfully granted extension.
The controvery results from the fact that during the reorganization of our appellate system, among other changes, it was provided that, although prior to the adoption of those changes, extensions of time for the filing of records of appeal were granted by the appellate court, as a result of a change which became effective June 20, 1960, after that time an extension could be granted only by the trial court which had granted the appeal.
As a result of the constitutional amendment, Act 593 of 1960, (effective December 19, 1960) this matter, with many others, has been transferred to this Court by the Supreme Court, and it has thus become necessary that we consider this motion to dismiss.
The order of devolutive appeal in this matter was made returnable on August 5, 1959. By various orders extensions were granted, the last being an extension which was granted by the Supreme Court on July 7 and which extended the return day to August 8, 1960. The contention of appel-lee is that when that order was granted the Supreme Court had no longer the authority to grant an extension which, because of the amendment referred to, could then only be granted by the trial court.
While formerly, by Code of Practice Article 883, the return day in each appeal was fixed by the Judge of the trial court, any extension of the return day was to be granted by the appellate court (LSA-R.S. 13 :4438). Similarly any extension of the return day in an appeal to a court of appeal was granted by the said court of appeal. By Act 38 of 1960, which became effective as emergency legislation on June 20, 1960, it was provided that, after that day, the power to extend the return day of an appeal was vested in the trial courts and all laws or parts of laws to the contrary were repealed. Act 38 of 1960, amending LSA-R.S. 13 :4438, reads as follows :
“The judges of all trial courts shall fix the return day in all cases, civil or criminal, appealed to the supreme court,, and in all cases appealed to the courts, of appeal, at not less than fifteen nor *74 more than sixty days from the date the appeal is granted.
“In all cases, civil or criminal, this return day may be extended by order of the trial court on application of the clerk or deputy cleric charged with the duty of preparing the record of appeal, when it will not be possible to complete the preparation of this record in time for filing in the appellate court on the original return day.”
As a result of that amendment, the Supreme Court amended its rules and deleted therefrom its Rule III controlling the granting of extensions by that Court. Accordingly, on July 7, 1960, when the Supreme Court granted a further extension it had no authority either in law or by its own rule to grant that extension and that extension was, therefore, ineffective.
In Bascle v. Perez, 224 La. 1014, 71 So.2d 551, 554, the Supreme Court considered a motion to dismiss an appeal which had been taken to the Court of Appeal but which should have been taken to the Supreme Court. The Supreme Court held that the extension, which was granted by the wrong appellate court, had no effect and that the appeal should be dismissed. The Court said:
“ * * * This irregularity under the jurisprudence of this court is cause for dismissal of the appeal provided the motion to dismiss is filed within the three legal days after the return day allowed for answering the appeal. * * *»
The motion to dismiss in the case at bar was filed within the three days.
On behalf of appellants it is argued that there is in them a vested interest in the right of appeal and that this cannot be taken from them by a change in a procedural rule effective during the process of appeal. There is no vested interest in any given mode of procedure. The Legislature may change procedural rules at any time provided, at the time of the change, there remains reasonable time for com- ■ pliance.
The appeal is dismissed at the cost of appellants.
Appeal dismissed.