SANDERS, Justice.
 

 We granted certiorari in this case to review a judgment of the Court of Appeal
 
 [1]
 
 maintaining a motion to dismiss the appeal on the ground that the record was not filed in the appellate court on or before the return day set out in the order granting the appeal, or within any lawfully granted extension.
 

 This is a petitory action in which plaintiffs seek to be recognized as the owners of certain land located in Jefferson Parish. Judgment was rendered against plaintiffs on May 29, 1959, and an order of devolutive appeal was granted to plaintiffs returnable to the Supreme Court on August 5, 1959. Until June 7, 1960, plaintiff obtained orders from this Court granting extensions of time for filing the transcript, and on that date plaintiffs obtained an order from this Court extending the time for filing to July 9, 1960. On July 7, 1960, plaintiffs were granted another extension by this Court to August 8, 1960, and the record was lodged before that date.
 

 Act No. 38 of 1960
 
 [2]
 
 was in effect at the time this Court granted the extension on July 7, 1960. In its amendment to LSA-R.S. 13:4438, this act provides:
 

 “In all cases, civil or criminal,
 
 this return day may be extended by order of the trial court
 
 on application of the clerk or deputy clerk charged with the duty of preparing the record of appeal, when it will not be possible to complete the preparation of this record in time for filing in the appellate court on the original return day.” (Italics ours)
 

 By virtue of Act No. 593 of 1960, Const. art. 7, § 30, effective December 19, 1960, this appeal was transferred to the Court of Appeal.
 

 
 *339
 
 In that court appellee filed a motion to dismiss the appeal on the ground that the record of appeal was not filed in the appellate court on or before the return date set in the order granting the appeal or within any lawfully granted extension. The appellees contended that the Supreme Court on July
 
 7,
 
 1960 had no authority either in law or by its own rules
 
 [3]
 
 to grant an extension and that the extension granted by it was ineffective.
 

 After hearing, the Court of Appeal maintained the motion to dismiss the appeal.
 

 Appellants applied to this Court for certiorari or review, contending that the extension of time granted by this Court was effective. Appellees filed a motion to deny the application on the ground that relators failed to attach to their application copies of the petition, answer, and other pleadings in the district court, or copies of the judgment of the district court or the written reasons therefor as required by LSA-R.S. 13:4450 and Supreme Court Rule XIII, Section 5.
 

 We granted a writ, and the matter is now before us for review. Appellees-respondents filed a motion to recall the writ urging the same grounds advanced in the motion to deny the application.
 

 This proceeding presents two questions for our ■ consideration: (1) Whether the failure to attach copies of the pleadings and judgment to the application for the writ precludes a review of the case by this Court after the writ has been granted; and (2) Whether the appeal, must be dismissed for failure to timely file the record on appeal or for the incompleteness of the record.
 

 We shall first consider the motion to recall the writ.
 

 Motion To Recall The Writ
 

 Respondents base their motion to recall the writ on LSA-R.S. 13:4450. It provides that an application for a writ of certiorari or review “ * * * shall * * *. Have annexed thereto a copy of the original petition, answer and other pleadings in the case.” Rule XIII, Section 5 of the Supreme Court Rules contains a similar requirement. They contend that the statute is mandatory and that a deviation from it requires the recall of the writ even after it has been granted.
 

 Article VII, Section 11 of the Louisiana Constitution provides:
 

 “It shall be competent for the Supreme Court to require by writ of certiorari, or otherwise, any case to be certified from the Courts of Appeal to it for review, with the same power and
 
 *341
 
 authority in the case as if it had been carried directly by appeal to the said court * * *.”
 

 It is true that the annexation of the pleadings, judgment, and other documents to the application is required both by statute and by court rule. The failure to annex them is a valid ground for a refusal to consider the application or for a denial of the writ. But once the writ has been granted, the record is brought up. The record normally contains all pleadings, documents, and evidence necessary for appellate review. Under the cited constitutional provision, this Court has the same power and authority to review the case as if it had been brought to the Court by direct appeal. The writ will not then be recalled for the prior failure to attach to the application the pleadings and other documents required by statute or court rule.
 
 [4]
 

 Respondents rely upon the following decisions of this Court to the contrary; Coignet v. Nelson, 128 La. 414, 54 So. 925; Spizale v. Lacroix, 128 La. 1053, 55 So. 672; Landry v. Poirrier, 135 La. 731, 66 So. 163; and Horvath v. Eppling, 164 La. 93, 113 So. 778. These earlier cases are no longer regarded as authoritative on this point.
 

 The motion to recall the writ must be denied.
 

 Motion To Dismiss The Appeal
 

 In their motion to dismiss the appeal, respondents allege that appellants were granted an order of appeal originally returnable to this Court on August 5, 1959; that various orders of extension of time were secured by appellants by which the return date was extended to July 9, 1960; that on July 7, 1960, upon appellants’ motion, this Court extended the return day to August 8, 1960; that on July 7, 1960, the proper court to grant an extension was the district court as provided by LSA-R.S. 13 :- 4438, amended by Act No. 38 of 1960; that the final order was improvidently issued; that the transcript, lodged on August 8, 1960, was not timely filed; and that the appeal must be dismissed. Respondents rely upon the decisions of this Court in Bascle v. Perez, 224 La. 1014, 71 So.2d 551, and Southern Premium Service v. Oddo, 226 La.
 
 95,
 
 75 So.2d 20.
 

 Relators assert that they had no knowledge of Act No. 38 of 1960 until its official publication on July 16, 1960; that they had already obtained an extension of time from this Court on July 7, 1960; and that after the passage of the act, in order to do everything possible to protect the appeal, they attempted to obtain an extension of time from the trial court; but on August 5,
 
 *343
 
 1960 the trial court refused to grant the extension. Later relators sought unsuccessfully to mandamus the clerk to file the transcript timely. They contend that they were not afforded a reasonable time within which to file the transcript after the enactment of Act No. 38 of 1960, and that their application to the trial court was timely. Further, they contend that under Article 2127 of the LSA-Code of Civil Procedure the failure of the clerk to prepare and lodge the record either timely or correctly cannot prejudice the appeal. It is argued that the burden is now on the clerk of court to file the record on appeal.
 

 Act No. 38 of 1960, passed as emergency legislation which became effective on June 20, 1960, amended LSA-R.S. 13:4438 to read as follows:
 

 “The judges of all trial courts shall fix the return day in all cases, civil or criminal, appealed to the supreme court, and in all cases appealed to the courts of appeal, at not less than fifteen nor more than sixty days from the date the appeal is granted.
 

 “In all cases, civil or criminal, this return day may be extended by order of the trial court on application of the clerk or deputy clerk charged with the duty of preparing the record of appeal, when it will not be possible to complete the preparation of this record in time for filing in the appellate court on the original return day.”
 

 In accordance with this act, the Rules of the Supreme Court were amended and revised effective July 1, 1960 to read: “Rule III. Extension of Time for Filing Transcripts. Deleted from the Rules in its entirety. (See LSA-R.S. 13:4438.)” Thus the power to extend the return day of an appeal was vested in the trial courts.
 

 By the reorganization of the appellate system of the courts in this state, the appeal in this case was transferred to the Court of Appeal as of July 1, 1960.
 

 At the time the extension was granted by this Court not only was the proper appellate court the Court of Appeal, but by the provisions of Act No. 38 of 1960 extensions could only be granted by the trial court.
 

 In the cases of Basele v. Perez, supra, and Southern Premium Service v. Oddo, supra, this Court held that an order of extension granted by an improper court was without legal effect. See also Philip Werlein, Ltd. v. Adams, La.App., 67 So.2d 503; Townsend v. Graham, La.App., 124 So.2d 405; and Graham v. Graham, La.App., 124 So.2d 605.
 

 It follows that the final extension granted by this Court was ineffective, and that the record was not timely filed. It does not follow, however, that the appeal must be dismissed for this reason.
 

 
 *345
 
 The Louisiana Code of Civil Procedure (Act No. 15 of 1960) did not go into effect until January 1, 1961. Under the express language of Section 4, the provisions of the Code do not change the legal effect of any procedural act done or attempted in a pending case prior to its effective date. The articles of the Code, therefore, do not control the procedural problem presented herein.
 

 Act No. 38 of 1960 also amended LSA-R.S. 13:4445 so as to provide:
 

 “When the appellant has paid the fees required under Sub-section A of this Section timely, the failure of the clerk of the trial court to transmit the record, or to pay the fees due the appellate court clerk timely, is not imputable to the appellant.”
 

 This provision, as heretofore stated, was effective on June 20, 1960, prior to the expiration of the last legal extension in the instant case. Its purpose was to abrogate the former rule which imputed the failure to file the record timely to the appellant so as to require dismissal of his appeal.
 
 [5]
 
 Respondents do not assert that the fees have not been duly paid. Therefore, the delay in filing the record is not imputable to the appellant. This is true notwithstanding the denial of an extension of time by the trial judge on August 5, 1960. Any action of the trial court upon an application for an extension filed after the last extended return date is without legal effect.
 
 [6]
 
 The appeal is not prejudiced by the belated filing of the record.
 

 In the alternative, the respondents urge that the appeal should be dismissed because the transcript, or record, filed on appeal is incomplete. We find that the record is incomplete, particularly in that the following exhibits are not included; plaintiffs’ exhibits P-32, P-34 to P-39, inclusive; defendants’ exhibits X-D-108, and X-D-109.
 

 The record was filed in this Court on August 8, 1960. The law applicable at that time to the correction of an incomplete record was Article 898 of the Louisiana Code of Practice of 1870.
 
 [7]
 
 This Article ap
 
 *347
 
 plied to the Courts of Appeal as well as the Supreme Court.
 
 [8]
 
 Under the authority of this Article, the appellate court may grant a reasonable time to correct the omissions if they did not arise “from any act of the appellant.”
 

 The certificate of the clerk of court attached to the motion to dismiss the appeal suggests that the appellants are responsible for his failure to include the exhibits in the record. However, no evidence relating to this appears in the record. The record is insufficient for us to make a factual determination as to whether the omissions arose fiom the act of the appellants. The Court of Appeal did not pass upon this point. Moreover, it will be unable to do so without a remand of the case for the taking of evidence contradictorily on this additional procedural question.
 

 Appeals are favored in law.
 
 [9]
 
 Statutory reform in recent years has moved in the direction of eliminating the dismissal of appeals on technical grounds. They should not be dismissed except for the substantial causes provided by law. For a dismissal deprives the appellant of an important safeguard of justice: a review of the case on the merits by the Court of Appeal.
 

 For the foregoing reasons, the judgment of the Court of Appeal is reversed; and the case is remanded to the Court of Appeal, Fourth Circuit, for further proceedings consistent herewith and according to law.
 

 HAMITER, J., concurring, entertains the view that the motion to dismiss the appeal is completely without merit.
 

 [1]
 

 . See 128 So.2d 72.
 

 [2]
 

 . Act No. 88 of 1960 became effective as emergency legislation on June 20, 1960.
 

 [3]
 

 . The amendment to the Rules of the Supreme Court, effective July 1, 1960 provides: “Rule III. Extension of Time for Filing Transcripts Deleted from the Rules in its entirety. (See LSA-R.S. 13:4438.)”
 

 [4]
 

 . Pipes v. Gallman, 174 La. 265, 140 So. 43; Hatten v. Haynes, 175 La. 743, 144 So. 483; Laurent v. Unity Industrial Life Ins. Co., 189 La. 426, 179 So. 586; Britt v. Merritt, 219 La. 333, 53 So.2d 121.
 

 [5]
 

 . See Coney v. Coney, 238 La. 410, 115 So.2d 801; Gazzo v. Bisso Ferry Co., La. App., 174 So. 132. See also 15 Tulane Law Review 304.
 

 [6]
 

 . See State ex rel. Mareacle v. City of New Orleans, 216 La. 587, 44 So.2d 305. Cf. Holz v. Fishel, 40 La.Ann. 294, 3 So. 888.
 

 [7]
 

 . Article 898. “Correction of record.—
 
 If, at the time of argument, or before, the appellant perceives that the copy of the record is incomplete, either through mistakes or omissions, or from the clerk having failed to certify the copy as containing all the testimony produced in the cause, or from any similar irregularities not arising from any act of the appellant, the court may grant him a reasonable time to correct such errors or omissions, during which time judgment on the appeal shall be suspended.
 
 And no appeal to the Supreme Court shall be dismissed on account of any defect, error or irregularity in the petition or order of appeal, or in the certificate of the clerk or judge, or in the citation of appeal or service there
 
 *347
 
 of, or because the appeal was not made returnable at the next term of the Supreme Court, whenever it shall not appear that such defect, error or irregularity is imputable .to the appellant; but in all such cases the court shall grant a reasonable time to correct such errors or irregularities (in case they are not waived by the appellee), and may impose upon the appellant such terms and conditions as, in their discretion, they may deem necessary for the attainment of justice — and may also impose such fines on the officer who shall have caused such irregularities as they may deem proportioned to the offenses.” (Italics ours.)
 

 [8]
 

 . Louisiana Constitution of 1921, Article VII, Section 27; Hannagriff v. King, 11 La.App. 467, 123 So. 391; Kinchen v. Royal Exchange Assurance, 12 La.App. 8, 124 So. 844; Thomas v. Thomas, La. App., 60 So.2d 716.
 

 [9]
 

 . Dantone v. Dantone, 230 La. 632, 89 So.2d 149; Kendrick v. Garrene, 231 La. 462, 91 So.2d 603; Esso Standard Oil Co. v. Jordan, 231 La. 594, 92 So.2d 377.