294 So.2d 219 (1974)
STATE of Louisiana
v.
William J. KRAFT.
No. 54144.
Supreme Court of Louisiana.
April 29, 1974.
Milton P. Masinter, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
BARHAM, Justice.
Defendant was convicted after a trial by jury of simple burglary, a violation of R.S.
*220 14:62, and was sentenced to seven years' imprisonment.
A written motion for appeal was filed, the trial court issued an order granting the appeal on September 27, 1972, and the return date was set for November 27, 1972. A defense motion for an extension of the return date was filed on November 22, 1972, and an extension of the return date to January 15, 1973 was granted.
The record on appeal contains a letter from Affiliated Reporters, Inc., dated December 26, 1972, to defense counsel, advising counsel that the transcript of the subject case was prepared and that it would be filed in the trial court and a copy forwarded to counsel upon payment of the bill for preparing the transcript which had earlier been sent to counsel. While the transcript of the testimony taken at trial contained in the record on appeal evidences a filing date of December 7, 1972, it is obvious, from the letter of Affiliated Reporters, Inc., dated December 26, 1972, that the transcript was not filed in December of 1972. The State admitted in brief that the transcript was not filed until July 19, 1973, and we accept this admission.
As indicated by the record, no action was taken relative to defendant's appeal after December, 1972, until March 30, 1973, when defendant filed a motion for leave to appeal in forma pauperis. The trial court denied defendant's motion and defendant applied to this Court for remedial writs. On May 18, 1973 (after the return date for the appeal had lapsed), we ordered the trial court to hold an evidentiary hearing to determine the defendant's indigency or, in the alternative, to grant an appeal in forma pauperis. Our alternative order for an appeal in forma pauperis or an evidentiary hearing to determine defendant's entitlement to proceed in forma pauperis required the trial court, once the defendant's indigency was established, to set in motion anew the procedures for appeal. When we ordered an appeal in forma pauperis or, alternatively, a hearing to determine defendant's indigency, the original return date for appeal had expired. In effect, by exercise of our supervisory and plenary jurisdiction, an out-of-time appeal was granted. After the trial court conducted the evidentiary hearing, leave to appeal in forma pauperis was granted on July 17, 1973.
After the appeal in forma pauperis was granted by the trial court it was encumbent upon the court to set a return date for defendant's appeal. See C.Cr.P. Art. 915.[1] No return date was set. The record on appeal was not lodged in this Court until November 13, 1973, almost two full months after a return date would have expired had the trial court fixed the most remote date allowable for a return date. C.Cr.P. Art. 919.[2] Since no return date was set, there was no effective time limit for defendant to perfect his bills of exceptions. When defendant was notified that the record on appeal had been lodged in this Court, he filed a motion to remand to the trial court to allow him to perfect bills of exceptions reserved prior to and during the trial on the merits.
Since our May 18, 1973 order was tantamount to granting an out-of-time appeal, *221 the trial court had a duty to set a return date for the appeal when defendant's motion for leave to appeal in forma pauperis was granted on July 17, 1973. Two days subsequent to the granting of the motion, the transcript was filed in the trial court. Had a return date for the appeal been set, it would then have been defense counsel's duty to timely perfect his bills of exceptions to enable the clerk of the trial court to include the perfected bills in the record he was obliged to prepare and deliver to this Court on or before an assigned return date. Since no return date was set, defense counsel was not aware of any time limit within which to perfect his bills.
Because of the circumstances which exist in the case at bar, we grant defendant's motion to remand.
Accordingly, we remand this matter to the Twenty-Second Judicial District Court with instructions that a return date be set in accordance with law and that defendant be allowed to perfect all properly reserved bills of exceptions for inclusion in the record on appeal, to be delivered by the clerk of the trial court to this Court.
SANDERS, C. J., dissents for the reasons assigned by MARCUS, J.
MARCUS, J., dissents and assigns reasons.
MARCUS, Justice (dissenting).
An appeal was timely granted by the trial court. The return date was extended to January 15, 1973. While the record contains a letter from Affiliated Reporters, Inc., dated December 26, 1972, advising defense counsel that the transcript was ready and would be filed upon payment of costs, the record also reveals a stamp of the Clerk of Court showing that the transcript of the trial was actually filed on December 7, 1972. Several months later on March 30, 1973, defendant filed motion seeking permission to proceed in forma pauperis. This motion was denied by the district judge on April 2, 1973. Application was then filed in this Court seeking an order commanding the district judge to hold a hearing on the motion. On May 18, 1973, we issued the following order:
"IT IS ORDERED that the Honorable Wallace A. Edwards, Judge of the Twenty-Second District Court, Parish of St. Tammany, hold an evidentiary hearing to determine the present indigency of the relator based on the evidence as produced in the hearing or in the alternative, grant the appeal in forma pauperis."
A hearing was held on July 17, 1973 pursuant to this order, and, thereafter, the motion was granted.
The record was filed in this Court on November 13, 1973, and it does not contain any perfected bills of exceptions.
A motion to remand, dated December 6, 1973, was filed in this Court by defendant. He seeks remand to allow bills of exceptions reserved prior to and on the trial of the merits to be perfected and filed and also to permit the trial judge to attach per curiae thereto.
Under Article 919, the trial judge may extend a return date. However, no extension is possible after the return date has expired. See Wischer v. Madison Realty Company, 242 La. 334, 136 So.2d 62 (1961).
State v. Ash, 257 La. 337, 242 So.2d 535 (1971) closely parallels this case. There, an order of appeal had been granted, and the appellant failed to formally present his bills of exceptions to the trial judge before the return date of the appeal. No request was made for an extension thereof. Following the expiration of the return date, this Court, upon joint motion to remand by the trial judge, district attorney and counsel for appellant, by signature of a single justice, remanded for the limited purpose of allowing the bills of exceptions to be presented to the trial court for dating and signing. When the case was remanded, *222 the trial judge granted a second appeal and allowed the perfection of the bills of exceptions.
On appeal, this Court held that the order of remand was improvident, illegal and without effect, and the bills signed after the return date of appeal were illegally perfected. We further held that the second order of appeal was completely unauthorized either by the order of remand or in law, as there can be only one appeal. Thus, the merits of the bills were not considered by this Court.
Recently, in State v. Smith, 284 So.2d 576 (La.1973), we reiterated the rule that once the return date has expired no further extension is legal. We therein stated:
"Under Articles 916 and 919 of the Louisiana Code of Criminal Procedure, the trial court is authorized to extend the return date. Once the return date has expired, however, no further extension is possible. Upon the expiration of the return date, the judgment becomes final. See LSA-C.Cr.P. Art. 919, Comment (b); State v. Price, La., 274 So.2d 194 (1973); State v. Ash, 257 La. 337, 242 So.2d 535 (1971); Wischer v. Madison Realty Co., 242 La. 334, 136 So.2d 62 (1961).
"In Wischer v. Madison Realty Co., supra, the rule is succinctly stated as follows:
"`Any action of the trial court upon an application for an extension filed after the last extended return date is without legal effect.'
"In the present case, since the original return date expired without an extension, the judgment became final. The several extensions granted thereafter were without effect."
In the instant case, the return date expired on January 15, 1973. When defendant made application to this Court on April 17, 1973, seeking an order for a hearing on the motion to proceed in forma pauperis, no mention was made in the application then filed in this Court to the effect that the return date (January 15, 1973) had expired with no extension having been sought or granted in the trial court. Thus, at the time this Court considered the application of defendant to proceed in forma pauperis, the return date for the appeal so granted had expired.
It is my opinion that this Court could not grant an extension of time for the return date (Wischer v. Madison Realty Co., supra). Nor can this Court legally grant a motion to remand for the purpose of having the bills signed and perfected after expiration of the return date. (State v. Ash, supra). Accordingly, it is my view that the motion to remand in the instant case should be denied.
Furthermore, I do not believe that this Court granted an "out of time" appeal when it issued its order of May 18, 1973. It simply ordered an evidentiary hearing on the motion to proceed in forma pauperis. The appeal had already been granted, and, as held in Ash, there can be no second appeal.
I find no substance in the argument of defense counsel that he was prevented from perfecting his bills because the record was withheld from him by the non-payment of costs. Present counsel secured the extension of the return date to January 15, 1973. If we accept the fact that the transcript of the trial was filed with the Clerk of Court on December 7, 1972, there remained some thirty-nine days prior to the return date. This allowed defendant ample time to perfect his bills and pay the necessary costs before the filing of the record in the appellate court. If he were unable to pay the required costs and/or needed additional time to perfect his bills, it was incumbent upon him to secure an extension of the return date. This would have allowed him additional time in which to have taken the necessary legal action to proceed in forma pauperis and to perfect his bills of exceptions. However, defense counsel *223 failed to secure an extension of the return date.
Accordingly, since the return date expired without extension on January 15, 1973, it is my opinion that the judgment became final at that time, and the proceedings thereafter were without effect.
I respectfully dissent from the majority opinion.
NOTES
[1] That Code of Criminal Procedure article reads, in pertinent part, as follows:

"A. When a motion for an appeal is made in conformity with Articles 912 and 914, the court shall order an appeal, and set the return date in the order. If the bills of exceptions are not submitted and signed prior to the date of the order of appeal, the court shall set a date not later than the return date for the submission and signing of bills of exceptions in accordance with Article 845. When a motion for an appeal has been timely filed, the appeal shall not be affected by any fault or omission on the part of the trial court." (Emphasis here and elsewhere supplied).
[2] That article reads:

"An appeal shall be returnable to the appellate court within not less than fifteen days nor more than sixty days from the date the order of appeal is entered. The trial court may extend a return date."