492 So.2d 215 (1986)
Dean C. DUPUY
v.
James E. RILEY and Que Sera, Inc., et al.
No. CA-4894.
Court of Appeal of Louisiana, Fourth Circuit.
July 11, 1986.
*216 A.D. Freeman, of Satterlee, Mestayer & Freeman, William A. Neilson, Partee, Leefe, Waldrip & Roniger, New Orleans, for John P. Pratt, John B. Pratt and William L. Pratt-appellees.
Charles C. Garretson, New Orleans, for appellant.
Dawn M. Heaphy, New Orleans, for receiver-appellee.
Before GULOTTA, KLEES and William H. BYRNES, JJ.
BYRNES, Judge.
This is an appeal from a judgment appointing a permanent receiver for Que Sera Inc., a New Orleans restaurant, and awarding attorney and accounant fees to the Que Sera shareholders who caused the receiver to be appointed. We affirm.
In December 1981, appellee James E. Riley entered into agreement with Dr. J.P. Pratt and Dr. Olinde, two of the owners of Que Sera whereby he would acquire their shares in the corporation. As part of this agreement, Riley agreed to personally pay the outstanding debts of the corporation. He further agreed to issue counter letters to Dr. Pratt's two sons giving each of them the right to receive 600 shares of Que Sera stock on demand. The Pratts exercised their right on February 29, 1984.
In March 1985, the Pratts intervened in a suit brought by Dean Dupuy a former manager of Que Sera, against the corporation and Riley. The Pratts' intervention alleged that Riley had breached his fiduciary obligation to the corporation and its shareholders. The Pratts supplemented their pleading over the next few weeks to include requests for various injunctions and the appointment of a Temporary Receiver for the Corporation pursuant to R.S. 12:151(C). The trial court granted the Pratts request and thereafter held hearings relative to the propriety of appointing a Permanent Receiver. At these hearings, counsel for Riley and Que Sera presented no evidence to contradict that presented by the Pratts and withdrew any opposition to the appointment of a Permanent Receiver. The trial court therefore appointed a receiver as requested by the Pratts.
Shortly thereafter, the Pratts petitioned the court for reasonable attorney fees and other expenses incurred in provoking the receivership pursuant to R.S. 12:151(D). The trial court awarded the Pratts $29,431.49 in expenses ($23,925.20 in attorney fees and $5,506.29 in CPA fees) to be paid by the corporation. He also rendered judgment against Riley and the corporation's secretary June Donnelly, holding them liable jointly, severally, and in solido with Que Sera Inc. on the theory that their actions had caused the corporation to become liable to the Pratts. Riley, Donnelly and the corporation have appealed the judgments appointing the Permanent Receiver and awarding expenses.
We first address the issue of whether a Permanent Receiver should have been appointed in this case. R.S. 12:151 provides in pertient part that:
A. The court may, after trial, appoint a receiver to take charge of the corporation's property when it is made to appear, in a proceeding instituted against the corporation:
(1) By any shareholder or creditor, that the directors or officers of the corporation are jeopardizing the rights of its shareholders or creditors by grossly mismanaging the business, or by committing gross and persistent ultra vires acts, or *217 by wasting, misusing or misapplying the assets of the corporation;
As discussed above, counsel for Que Sera, Riley and Donnelly withdrew all objections to the appointment of a receiver in open court and presented no evidence to contradict the proof of mismanagment, waste, and ultra vires acts presented by the Pratts.
Our review of the record leads us to the inevitable conclusion that the Pratts more than satisfied their burden of proving sufficient acts to warrant appointment of a receiver. The record reveals that the corporation was delinquent in its payment of virtually all forms of tax for which it was responsible, including Federal payroll, withholding, unemployment and social security taxes; State unemployment, witholding and sales taxes; and some City taxes. The record further shows that the corporation failed to obtain a 1985 liquor license from the City, which led to an order closing the restaurant temporarily. The testimony of the temporary receiver established that the physical plant itself was so poorly maintained that he considered the kitchen to violate Health Safety and Fire Codes. He also testified that the air conditioner was operating at ¼ of its normal capacity. There was also testimony that a refrigerator in the kitchen worked so poorly that food was frequently thrown away due to spoilage.
The corporation's record of payment to suppliers was so poor that by the time the temporary receiver was appointed, it could only obtain supplies on a COD or certified check basis. The corporation owed Hibernia National Bank $9,347.82 for kitchen equipment which the temporary receiver discovered was not on the premises. The corporation issued a $7,000.00 check to an Alabama company, ostensibly as repayment of a loan. However, the owner of the company testified that he had never loaned money to Que Sera Inc., but had loaned money to Riley. There is also evidence that employees of other entities owned in whole or in part by Riley were paid by checks issued on the Que Sera account. Moreover, the record indicates the corporation had lent several entities which were owned in whole or in part by Riley, sums ranging from eight to thirty thousand dollars.
Under these circumstances, there is no doubt that the trial court acted correctly in granting the Pratt's unopposed and amply supported petition for appointment of a Permanent Receiver. Appellant's argument that the acts complained of occurred before the Pratt's became shareholders simply is not supported by the record. Moreover, given their acquiesence in the appointment of the receiver, we do not feel that appellants should be allowed to raise defenses which were, in essence, waived at trial.
We next address the trial court's award of attorney and CPA fees to the Pratts. R.S. 12:151(D) provides in part that:
D. If a receiver is appointed, after trial, on application by a shareholder or shareholders, the court shall make a reasonable allowance for the fees of the applicants' counsel, which, together with their other costs, shall be taxed as costs and paid out of the corporate assets. The corporation or the receiver shall have the right to recover the amount of such costs from any directors, officers or shareholders whose conduct was the cause of the proceeding under subsection A(1) or (5) of this section.
The record reveals that a hearing was held to determine the cost to the Pratts of provoking the receivership. At that hearing, evidence was presented showing the hourly rate and billable hours expended by each attorney and the CPA. No evidence was presented by appellants to show that the fees were unreasonable.
Under R.S. 12:151(D), the trial court must exercise its discretion in setting a reasonable fee under the circumstances of a particular case. Having reviewed the record, we cannot say that the amount awarded was an abuse of discretion.
*218 For the foregoing reasons the judgment of the trial court is affirmed at appellant's costs
Affirmed.