966 So.2d 1080 (2007)
ERNST CAFE, INC.
v.
Jeffrey LANDRY.
No. 2007-CA-0126.
Court of Appeal of Louisiana, Fourth Circuit.
September 5, 2007.
*1081 Henry L. Klein, New Orleans, LA, for Plaintiff/Appellant.
Kyle Schonekas, Andrea V. Timpa, Schonekas, Winsberg, Evans & McGoey, L.L.C., New Orleans, LA, for Defendant/Appellee.
(Court composed of Judge MICHAEL E. KIRBY, Judge MAX N. TOBIAS, JR., and Judge Roland L. Belsome).
MAX N. TOBIAS, JR., Judge.
The plaintiff/appellant, Ernst Café, Inc.("Ernst Café"), has appealed from a judgment ordering it to pay costs and fees to receiver/appellee, Claude C. Lightfoot, Jr. ("Lightfoot"), and his attorneys, Schonekas, Winsberg, Evans, and McGoey, L.L.C. (collectively referred to as "Schonekas"). The judgment equally divides the amount due between Ernst Café and Jeffrey Landry ("Landry"), who did not appeal the trial court's judgment. For the reasons that follow, we affirm.
This case arose out of a dispute between Landry, the minority shareholder, and James M. Besselman, Jr. ("Besselman"), the majority shareholder of Ernst Café. Suit was filed by Ernst Café against Landry on 22 October 2004 seeking damages from Landry for mismanagement of the business and a declaration that the shareholder agreement, which purportedly sold 200 shares of the company to Landry, was null and void. On 3 February 2005, Landry answered the petition and requested the appointment of a temporary receiver. Ernst Café did not oppose, and actually consented to, the appointment of the receiver.
Lightfoot was appointed as the temporary receiver of Ernst Café by the trial court pursuant to La. R.S. 12:151(C)[1] to *1082 oversee the business pending a trial of the disputes between Ernst Café and Landry. In addition to appointing Lightfoot, the trial court prohibited Besselman and anyone else associated with Ernst Café from changing the affairs of the business or to control the company's finances and accounts in any way without further order of the court.
When appointed, Lightfoot informed the court and the parties that his hourly rate was $250.00. Ernst Café did not object to this amount. Ernst Café initially cooperated with Lightfoot's requests for information regarding its finances and business operations.
Despite repeated demands, complete financial records and accountings were not provided to Lightfoot. Lightfoot found questionable transactions for which he could not obtain adequate explanations. Accordingly, Lightfoot employed counsel to compel the production of documents and records and to pursue possible causes of action Ernst Café might have in connection with misappropriation of funds and property since his appointment. Lightfoot was authorized by statute to retain counsel.[2] However, in an abundance of caution, Lightfoot sought and received court approval for the appointment of Schonekas as his counsel on 28 June 2005. Ernst Café never challenged the appointment.
Schonekas made written demand on Ernst Café for financial records, accountings, and other information related to the café's operations. The records provided indicated that there may have been a misappropriation of funds from the café in violation of the court's previous order. A status conference was held on 2 August 2005 to discuss the problems Lightfoot was having in obtaining the documents necessary to protect Ernst Café.
Shortly after the status conference, Besselman purchased Landry's shares in Ernst Café. Once the transaction was completed, ownership in the corporation was no longer in dispute and the receivership was not needed. The parties agreed to a termination of the receivership and discharge of Lightfoot as receiver by unopposed motion; Lightfoot was discharged on 4 November 2005. The agreement also relieved Lightfoot of any obligation to file reports of his receivership.
Lightfoot filed an application for fees and costs for himself and his counsel on 13 December 2005, seeking $7,750.00 for himself, and a total of $7,790.55 for Schonekas. *1083 The application for fees and costs was accompanied by detailed invoices and statements from the applicants.
After the application for fees and costs was filed, Ernst Café sought the production of Lightfoot's entire file, to which Lightfoot, through counsel, objected. Ernst Café also sought to take Lightfoot's deposition and filed a motion to compel discovery, which Lightfoot opposed. A hearing on the motion took place on 10 March 2006. The trial court, noting that Ernst Café did not timely object to the appointment of either Lightfoot or his counsel, denied the request for production of Lightfoot's entire file, and limited Lightfoot's deposition to two hours and to questions regarding his invoices and bills. Ernst Café noticed, and then cancelled, Lightfoot's deposition. Lightfoot and his counsel supplemented and increased the application for costs and fees to totals of $9,731.00 for Lightfoot and $18,965.43 for Schonekas.
The application for fees and costs was heard by the trial court on 31 May 2006. A judgment with written reasons was rendered on 26 June 2006, awarding $7,700.00 to Lightfoot and $5,917.55 to his counsel and against Ernst Café and Landry. In its reasons for judgment, the trial court stated that Lightfoot admitted that the stock ownership dispute was resolved in August 2005; Lightfoot was discharged as temporary receiver on 4 November 2005. Thus, the trial court found that the fees and costs incurred by Lightfoot and Schonekas after August 2005 were not related to the proper operation of the corporation. On 7 July 2006, the judgment was clarified and amended to hold that the obligation was divisible between Ernst Café, with each party to bear 50% of the total amount due.
Ernst Café has assigned three errors for review. First, it contends that the trial court erred in awarding fees and costs because Lightfoot failed or refused to file his receivership report as mandated by La. R.S. 12:152(C).[3] Second, it argues that Ernst Café should not be assessed with any fees or costs because it was not the party responsible for causing an unnecessary receivership, but was responsible for having the receivership dismissed. Lastly, Ernst Café maintains that all the fees and costs should have been assessed against the "guilty party," (Landry), and the bond he posted pursuant to court order when the receivership was established.
Under La. R.S. 12:151(D), the trial court must exercise its discretion in setting a reasonable fee under the circumstances of a particular case. Depuy v. Riley, 492 So.2d 215, 217 (La.App. 4 Cir.1986).
We find the first assignment of error to be without merit. The testimony revealed that Lightfoot was precluded from filing a report, in part, due to the failure of Ernst Café to timely provide all requested records and explanations for various items that caused Lightfoot concern. Further, when the receivership was concluded, the parties agreed that the duties of the receiver were terminated, including the duty to file any required reports. Thus, we find that this assignment of error does not preclude the trial court's award of fees and costs to Lightfoot and his counsel.
*1084 Next, Ernst Café contends that it is not responsible for any part of the fees and costs awarded to Lightfoot and Schonekas because it did not cause the "unnecessary" receivership and was the party which had the receivership dismissed. Ernst Café cites no legal authority to support its position. We further note that Ernst Café neither objected to the receivership nor the appointment of counsel.[4] Under these circumstances, we find that Ernst Café is precluded from arguing that the receivership was unnecessary. It is well settled that the order appointing or refusing to appoint a receiver is a final judgment. Beuhler v. Beuhler Realty Co., 155 La. 319, 322, 99 So. 276, 277 (1924). We find, therefore, that this assignment of error lacks merit.
Finally, Ernst Café argues that the entirety of the costs and fees awarded Lightfoot and Schonekas should be assessed against Landry and his surety. Again, this assignment of error has no merit. The record contains no evidence that Ernst Café proved that Landry was the "guilty party." In addition, because the corporation sat by quietly and permitted Lightfoot to administer the estate without objection, it is liable for part of the costs and fees assessed by the trial court. International Harvester Co. of America v. Union Irrigation Co., 150 La. 405, 421-22, 90 So. 741, 747 (La.1920).
In sum, we find that the trial court neither erred nor abused its discretion. Based on the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
NOTES
[1] La. R.S. 12:151 states in pertinent part:

A. The court may, after trial, appoint a receiver to take charge of the corporation's property when it is made to appear, in a proceeding instituted against the corporation:
* * *
(5) By any shareholder, that a majority of the shareholders are violating the rights of minority shareholders and endangering their interests; or
(6) By a shareholder or shareholders, severally or jointly, who have been registered owners for a period of not less than six months of not less than twenty per cent of the entire outstanding shares of the corporation, that either of the grounds for involuntary dissolution set forth in R.S. 12:143(A)(4) and (5) exists.
* * *
C. The court may, ex parte, pending trial, (1) appoint a temporary receiver whose authority shall cease upon appointment of a receiver after trial or upon dismissal of the proceeding, (2) on the applicant furnishing security in the amount fixed by the court, enjoin the corporation and its directors, officers, agents and shareholders from disposing of its property or changing the status of its affairs to the injury of the applicant, and (3) stay proceedings by other persons against the corporation's property.
D. If a receiver is appointed, after trial, on application by a shareholder or shareholders, the court shall make a reasonable allowance for the fees of the applicants' counsel, which, together with their other costs, shall be taxed as costs and paid out of the corporate assets. The corporation or the receiver shall have the right to recover the amount of such costs from any directors, officers or shareholders whose conduct was the cause of the proceeding under subsection A(1) or (5) of this section.
[2] See La. R.S. 12:146(C), La. R.S.12:145(C)(10), made applicable to receiverships under La. R.S. 12:152(B).
[3] La. R.S. 12:152(C) states:

C. The receiver shall file with the court, quarterly, or oftener if required by the court, an accurate statement showing the condition of the corporation's business, and shall file, within ninety days after the close of the corporation's fiscal year, a balance sheet as of the last day of, and a combined statement of income and earned surplus for, such year. The annual financial statements shall be audited by an independent certified public accountant if required by the court.
[4] Despite Ernst Café's claim that it objected "vehemently" to the receivership, this statement is not supported by the record on appeal. In fact, at the trial of the application for fees and costs, the transcript reflects that counsel for Ernst Café stated that he did not want to attack the appointment of the receiver and did not attack it when it happened.